GEORGE S. POWERS, as Administrator, etc., of ANNA V. POWERS, Deceased, Respondent, v. MONTGOMERY WARD & CO., INCORPORATED, Appellant.

Fourth Department, May 5, 1937.

*James L. Kelly*, for the appellant.

*Albert J. Waterman*, for the respondent.

CUNNINGHAM, J. Plaintiff's intestate was shopping in defendant's store late in the afternoon of the day before Christmas. While in the basement of the store she fell and received injuries which the jury has found aggravated a dormant cancerous condition and caused her death. The deceased lived for some months after the accident and plaintiff has been awarded damages for conscious pain and suffering of the deceased from the time of the accident to the time of her death, as well as the amount of pecuniary loss sustained by the beneficiaries of her estate for whose benefit this action is brought.

In the center of the basement running northerly and southerly there is a row of posts used to support the floor above. There were rows of tables on each side of the center. Between the posts and in line with them there were tables or counters for the display of merchandise, with aisles on the east and west sides thereof. In one space between posts there was a platform eleven feet long, twenty-two inches wide and four and a half inches high. On the westerly side of this platform there was an aisle forty-two inches wide and an aisle on the easterly side thirty-eight inches wide. At the time of the accident this platform was used to display doll buggies and kiddy carts. These doll buggies were twenty-four inches high, twenty-four inches long and eight or ten inches wide.

The jury has found that Mrs. Powers, the deceased, tripped over this platform and fell and sustained the injuries which caused her death.

The question to be determined in this case is whether or not the evidence shows any negligence on the part of the defendant.

It was the duty of the defendant to use reasonable care to keep its premises in a reasonably safe condition for use by its customers and other invitees.

The defendant is not " liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care." (45 C. J. 837.)

The defendant was not required to guard against obvious dangers. (*Lindsley* v. *Stern*, 203 App. Div. 615.)

In a recent case it appeared that the defendant maintained a brewery. The plaintiff, an invitee, while using a wash room on the premises, slipped upon the floor thereof and injured his head. The floor was slippery from brewery material which had been dragged in on the boots of the employees. The court held that the

condition of the floor was apparent to any one using his eyes and that the defendant did not unreasonably expose the plaintiff to danger. (*Garthe* v. *Ruppert,* 264 N. Y. 290, 295.)

The proprietor of a store does not insure the safety of his customers. He is not liable for injuries to a customer caused by falling over proper appliances for conducting his business when placed in full sight of every one using the premises. (*Hart* v. *Grennell,* 122 N. Y. 371.)

A similar rule was applied in a case in which it appeared that the plaintiff was injured by striking her head against the side of a lift upon which an automobile had been elevated. As the lift was in plain view it was held that the defendant was not negligent. (*Losie* v. *Frisk,* 243 App. Div. 825.)

Certainly the platform used to display goods in defendant's store was in plain view of any person using his eyes, and it was not a hidden or concealed danger which the defendant was required to guard against, and the use thereof did not unreasonably expose plaintiff's intestate to danger.

The evidence does not show that the defendant failed in its duty to keep its place of business reasonably safe for use by plaintiff's intestate and other customers.

As the display platform was in plain view, the finding of the jury that plaintiff's intestate was free from contributory negligence is against the weight of the evidence.

Therefore, the judgment and order should be reversed upon the law and the facts, with costs, and the complaint dismissed. with costs.

All concur. Present — SEARS, P. J., EDGCOMB, CROSBY, LEWIS and CUNNINGHAM, JJ.

Judgment and order reversed on the law and facts, with costs, and complaint dismissed, with costs.