HELEN McKAY and FRANK McKAY, Respondents, v. CARSONS DEPARTMENT STORE, INC., Also Known as CARSONS, INC., Appellant.— Defendant appeals from a judgment of the Supreme Court in favor of the plaintiff wife for damages for personal injuries and in favor of the plaintiff husband for expenses and loss of services, entered on a jury verdict. Judgment reversed on the law and the facts, with costs, and complaint dismissed on the law, with costs. Plaintiff wife testified that, as she was descending a stairway in defendant's store, to which she was a business visitor, she saw a foreign substance on the fourth step from the top, stepped down upon it deliberately, and slipped and fell to the bottom of the stairway. At an examination of defendant's manager before trial it was brought out that defendant used a cleaning compound on the stairway and on the floors of the building which had the appearance of the substance described by plaintiff wife in her testimony as being on the stairway at the time of the accident, and described by a witness called by her as being on the stairway the previous day. There was no reference in the complaint to a foreign substance on the stairway. Defendant's witnesses testified that no foreign substance was on the stairway at the time of the accident, and plaintiff wife signed an attested statement six days after the accident in which she said she did not know what caused her to fall except that she lost her balance and fell forward and grabbed a railing, but did not break the fall immediately. The nature of the injuries showed that they could not have been sustained in any other way. The evidence adduced by the plaintiffs, with all permissible inferences therefrom in their favor, failed to show any negligence on the part of the defendant. (*Kipp* v. *Woolworth & Co.*, 150 App. Div. 283, 285; *Abbott* v. *Richmond County Country Club*, 211 id. 231; affd., 240 N. Y. 693; *Powers* v. *Montgomery Ward & Co., Inc.*, 251 App. Div. 120, 122; affd., 276 N. Y. 600; *Antenen* v. *New York Tel. Co.*, 271 id. 558; *Garthe* v. *Ruppert*, 264 id. 290, 295.) Plaintiff wife assumed the risk of the condition which she testified caused her injury (*Kline* v. *Abraham*, 178 N. Y. 377, 380, 381; *Zurich G. A. & L. Ins. Co.* v. *Childs Co.*, 253 id. 324, 327), and was guilty of contributory negligence as matter of law. (*Hudson* v. *Church of Holy Trinity*, 250 N. Y. 513, 515; *Rohrbacher* v. *Gillig*, 203 id. 413, 418; *Weller* v. *Consolidated Gas Co.*, 198 id. 98, 101, 102; *Bronstein* v. *Woolworth Co.*, 16 N. Y. Supp. [2d] 171 [not officially published].) Lazansky, P. J., Adel, Taylor and Close, JJ., concur; Carswell, J., concurs in result.