DOROTHY OLDFIELD, Respondent, v. NEISNER BROS., INC., Appellant. JAMES OLDFIELD, Respondent, v. NEISNER BROS, INC., Appellant.— Judgment reversed, on the law and facts, with costs, and complaint dismissed, with costs. Appeal from the order dismissed as academic. Memorandum: The room, which contained the scale over which plaintiff claimed that she tripped, was well lighted. The scale was obviously in sight and was, or the trial court charged without exception, perfectly obvious to anybody using the room in which it stood. Plaintiff had seen it previously several times when she made use of the room, although she claims she did not particularly notice it. She, however, admits that she saw it as she came into the room on the day in question. She walked by it, and between it and the booth, when she went to the telephone booth. Had she exercised ordinary care she would, or should, have seen it, when she emerged from the telephone booth. Under the evidence, it cannot be said that the store failed to discharge its duty of exercising reasonable care for one of its patrons. The defendant was not required to guard against obvious condi-

tions, which were observed by the plaintiff, or should have been observed by her in the exercise of reasonable care. (*Tice* v. *Oppenheim Collins & Co.*, 274 App. Div. 970; *Powers* v. *Montgomery Ward & Co.*, 251 App. Div. 120, affd. 276 N. Y. 600; *Greene* v. *Sibley, Lindsay & Curr Co.*, 257 N. Y. 190.) We feel that the evidence does not sustain the findings of the jury as to the negligence of the defendant and contributory negligence of this plaintiff. All concur. (Appeal from a judgment of Erie Trial Term for plaintiffs in negligence actions, consolidated by court order. The order denied a motion for a new trial.) Present — McCurn, P. J., Vaughan, Piper, Wheeler and Van Duser, JJ.