Elizabeth K. Orcutt, Appellant, *v.* Pomonok Country Club, Inc., et al., Respondents.

*Per Curiam.* The complaint in this action is based upon both negligence and nuisance. At the end of the plaintiff's case, the court reserved decision upon defendants' motion to dismiss on the ground there was a failure of proof of any negligence on the part of the defendants and of freedom from contributory negligence on the part of the plaintiff. The motion was renewed at the close of the evidence and granted without elucidation by the court.

We conclude that questions of fact were presented that should have been submitted to the jury. As a new trial is required, it should be pointed out that upon the facts here presented the same acts may constitute both negligence and nuisance. It has been said that " [i]f danger there was, then also there was nuisance, though nuisance growing out of negligence. Nuisance as a concept of the law has more meanings than one. The primary meaning does not involve the element of negligence as one of its essential factors (*Heeg* v. *Licht*, 80 N. Y. 579). One acts sometimes at one's peril. In such circumstances, the duty to desist is absolute whenever conduct, if persisted in, brings damage to another ". (*McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340, 343.)

In the instant case, it should have been left to the jury to determine whether upon all the facts, including the position of the unfenced parapet in relation to the pathway and driveway from the main entrance of the clubhouse and the alleged inadequacy of the lighting, the defendant was chargeable with either negligence or the maintenance of a nuisance having its origin in negligence. Similarly, in the event of an affirmative finding upon either of these theories, the jury would be required to pass upon the freedom of the plaintiff from contributory negligence.

The judgment appealed from should be reversed, with costs to appellant to abide the event, and a new trial granted.

Callahan, Bastow and Botein, JJ., concur; Peck, P. J., and Cohn, J., dissent and vote to affirm.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.