■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RALPH GIFFONE, Appellant.— Appeal from a judgment of the County Court, Kings County, convicting appellant of the crimes of assault in the first degree and assault in the second degree, and from intermediate orders. Judgment reversed on the law and the facts, the first count of the indictment dismissed and a new trial ordered on the second count. No evidence was adduced that appellant had in his possession or used a loaded revolver or that there was any intent on his part to kill. With respect to the second count, we feel that the production before the jury of the revolver and the holster, which were not admitted in evidence, was prejudicial, and that the court in its charge, by repeated references to a "loaded" revolver, of which there was no evidence, may have implanted in the minds of the jurors a belief that they could find that such a weapon had been used. The interests of justice require a new trial on this count. No separate appeal lies from intermediate orders which have been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.

■ LENA RANGO, Respondent, v. NICOLA SHOE REPAIR CORP., Appellant.— Action to recover damages for personal injuries sustained when respondent, a customer in appellant's store, slipped and fell on a floor which, to her knowledge, had been mopped shortly theretofore. Judgment was entered in respondent's favor after trial by the court without a jury. Judgment affirmed, with costs. No opinion. Nolan, P. J., Beldock and Ughetta, JJ., concur; Wenzel and Murphy, JJ., dissent and vote to reverse the judgment and to dismiss the complaint, with the following memorandum: A storekeeper does not insure the safety of his customers. His duty is to use reasonable care in keeping the premises in a reasonably safe condition so as to prevent injury to customers and other persons lawfully thereon. (*Powers* v. *Montgomery Ward & Co.*, 251 App. Div. 120, affd. 276 N. Y. 600.) The proof here indicates that the washing of the floor was not done in any unusual, careless or improper manner. Respondent herself conceded that the floor was "pretty dry" after it was mopped. There was no proof of puddles or drippings on the floor. True, the floor may have been damp as it was freshly washed, but the failure to get it in bone-dry condition does not indicate lack of reasonable care or that the premises were not reasonably safe.