**(January 28, 1957)**

■ In the Matter of the Estate of VINCENT GALIPANI, Deceased. DAVID VON G. ALBRECHT, Appellant; ELLEN GALIPANI, Respondent.— Motion to dismiss appeal granted, with $10 costs, and appeal dismissed. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

■ ISRAEL KATZ et al., Respondents, v. HIRSCH SCHWAMENFELD, Appellant. — Motion for leave to appeal to the Appellate Division denied, with $10 costs. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.

■ ABRAHAM PRUZAN, Respondent, v. JOHN MOUNSEY, Appellant.— Motion for leave to appeal to the Appellate Division denied, with $10 costs. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.

■ MARIAN BACON, as Executrix of VERNON G. BACON, Deceased, Respondent, v. ILSE WIMMERSPERGER, as Executrix of CHARLES WIMMERSPERGER, Deceased, Appellant.— In an action to recover damages for personal injuries the appeals are (1) from an order dated January 14, 1956 denying a motion to dismiss the action for failure to serve the complaint and granting a cross motion for permission to substitute the executrix as party plaintiff and for leave to serve an amended summons and complaint, and (2) from an order dated April 21, 1956 denying a motion to dismiss the action because of the alleged failure to serve the complaint as directed by the order dated January 14, 1956. Orders affirmed, without costs. No opinion. Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.

■ LILLIAN BUTLER, Respondent, v. H. C. BOHACK Co., INC., Appellant.— In an action to recover damages for personal injuries, the appeal, by permission of this court, is from an order of the Appellate Term affirming a judgment of the Municipal Court of the City of New York, Borough of Brooklyn, Second District, entered on a jury verdict in favor of respondent, and from the judgment entered on said order. Order reversed, complaint dismissed, and judgment directed to be vacated, with costs in all courts. Respondent was marketing in appellant's self-service grocery store, reached up to take certain goods from a shelf and, in doing so, came in contact with one of a number of cases or cartons of foodstuffs which were stacked against the shelf fixture, lost her balance and fell. It was customary for cases of foodstuffs to be stacked in this manner preparatory to placing such goods on the shelves. In our opinion no evidence of negligence was adduced (see *Hanstick* v. *Bohack Co.*, 279 N. Y. 654; *Powers* v. *Montgomery Ward & Co.*, 251 App. Div. 120, affd. 276 N. Y. 600). Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ CENTURY INDEMNITY COMPANY, Respondent, v. CHARLES B. WINICK, Defendant, and MYRON WINICK, Appellant.— In an action to set aside a conveyance as fraudulent, the appeal is from an order denying a motion to dismiss the complaint for insufficiency, pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, and to vacate, set aside and cancel a *lis pendens,* pursuant to section 123 of the Civil Practice Act. Appellant in his brief states this court in its discretion has power to cancel the *lis pendens* pursuant to section 124 of the Civil Practice Act. Order affirmed, with $10 costs and disbursements. An application for relief under section 124 of the Civil Practice Act should be made in the first instance at Special Term. Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.