Burke, J.
The infant plaintiff in this action, a boy then of 11 years of age, suffered personal injuries when he tripped over a wooden garage doorstop and fell while playing basketball with the defendants’ son and two other boys, in the rear of the driveway of the premises owned and occupied by the defendants.
*520 The young son of the defendants had invited the three boys to join him in a game of basketball in the defendants’ backyard, where the defendants had caused a basketball hoop and backstop to be affixed to the front portion of the sloping roof of their garage. A similar invitation to play basketball had been extended to and was accepted by the infant son of the plaintiff-respondent about six months before the accident. On the day of the accident the boys had been playing basketball for about an hour before the infant plaintiff was injured when he stumbled over the wooden doorstop which had been installed in the driveway prior to the purchase of the property by the defendants over three years before the occurrence of the accident.
Since the basketball area in the driveway was open, visible and both the basket and the wooden doorstop were in plain view, the trial court recognized that there was 1 ‘ no entrapment ” or “ hidden pitfall ”.
For injuries suffered by the infant and for loss of services and medical expenses incurred by his father, the infant plaintiff and his father, the respondent here, won awards from the jury. The verdict in favor of the infant was set aside and a judgment upon the verdict for the father was entered separately. That judgment has been affirmed by the Appellate Division, Second Department, two Justices dissenting.
Repeated decisions of this court have approved the principle of law that a social guest is viewed in the eyes of the law not as an invitee but as a licensee despite the fact that such person was on the premises pursuant to an invitation from one in possession (Higgins v. Mason, 255 N. Y. 104; Wilder v. Ayers, 2 A D 2d 354, affd. 3 N Y 2d 725; Traub v. Liekefet, 2 A D 2d 22, affd. 4 N Y 2d 747 (see, also, Comeau v. Comeau, 285 Mass. 578, 581, 582; Prosser on Torts [2d ed., 1955], § 77, pp. 445, 446, 447; Restatement, Torts, § 331, comment a, subd. 3).
That rule has been applied in circumstances, where, as in the present case, the social guests were infants (Klein v. Ramapo Park, 253 App. Div. 824; Droge v. Czarniechi, 285 App. Div. 1052, affd. 2 N Y 2d 897). In other words, a social guest, having the" status of a licensee, must take the premises as he finds them, and he is entitled to no greater protection than the members of the family.
*521 The defendant, therefore, owed the infant “ only the duty to exercise reasonable care to disclose * * * dangerous defects known to defendant and not likely to be discovered by plaintiff ”. (Bernal v. Baptist Fresh Air Home Soc., 275 App. Div. 88, 96, affd. 300 N. Y. 486.)
With that rule in mind, we cannot fail to observe that the respondent has recovered for loss of services and medical expenses flowing from personal injuries to his infant son not due to any reckless conduct of the defendants or concealed pitfall, trap, or engine of destruction maintained by them on the property. There is no evidence in the record that, at, the time of the accident, the defendants, by any affirmative act, changed the conditions existing at the play facility, or had reason to believe that the infant would not notice the minor obstruction which was apparent and act accordingly.
Granting respondent the most favorable inferences deducible from the facts before us, the evidence is obviously insufficient to support the verdicts. Therefore, the exception of defendants to the denial of their motions for a nonsuit-and the dismissal of the complaint was well taken. :
The judgment should be reversed and the complaint dismissed, without costs.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Feoessel and Van Voobhis concur. •
Judgment reversed and complaint dismissed as to plaintiff David Krause, without costs.