Alexander Del Giorno, J.
This is a claim to recover damages for personal injuries sustained by claimant as a result of the alleged negligence of the State.
On or about November 1, 1956, the State acquired the premises at 210 Renwick Avenue in the City of Syracuse in conjunction with its highway development program. These premises were a two-story, four-family frame building in rather poor condition. The claimant was a tenant of the building and had lived therein for some eight years before the State took over the building. By occupation, the claimant is a surveyor’s helper employed by the City of Syracuse.
There is no doubt from all the testimony adduced that the claimant was acquainted with all the conditions of the house, including the condition of the front steps thereof.
The claimant testified that on or about January 3, 1957, at about 10:00 p.m. as he was leaving the building, he stepped from the porch and started to go down the front steps. When he came upon the last step, upon which there was ice, he slipped, fell and injured his right wrist. It is claimed that the ice on *531 the steps was formed by water dripping onto the steps from a defective leader immediately over the front door.
As a result of the accident, the claimant had a splint put around his wrist that evening, and the next day, at the Veterans’ Hospital, had a cast put on the arm, covering the right arm from wrist to elbow. The cast remained on the arm for a month and a half. The claimant returned to the hospital twice. X rays were taken before the placing and removal of the cast. Claimant was obliged by reason thereof to be away from work for a month and a half. He was paid, however, and the pay received was credited against his vacation payments.
On cross-examination, claimant admitted that the structure of the steps had been the same during all the time he had been a tenant. The State had not touched any part of the property and had made no improvements to any part thereof. The claimant conceded further that at the time he was standing on the porch he could see the condition of the steps. Though there was some ice on the steps he could not say how thick it was. He said that he was wearing no galoshes at the time, but claims he was coming down carefully. The photographs in evidence and the statement of the claimant indicate that there was no railing leading from the steps into the porch of the house.
The claimant stated that he now feels fine and that only occasionally he feels negligible pain as a result of the accident.
Among other exhibits, the claimant introduced the report of the Weather Bureau for the Syracuse station for the month of December, 1956, and the month of January, 1957. The average temperature for December 29, 1956, was 22 degrees; December 30, 8 degrees; and December 31, 22 degrees. For January 1, 1957, it was 9 degrees; January 2, 10 degrees; and January 3, 18 degrees. On December 31, 1956, there was 6 inches of snow on the ground; January 1,1957, 7 inches of snow on the ground; January 2, 9 inches of snow on the ground; and on January 3, 8 inches of snow on the ground. The report shows that on January 1, 1957, 2.1 inches of snow had fallen; January 2, 1.0 inch of snow had fallen; and on January 3, 0.2 inch of show had fallen.
The photographic exhibits clearly indicate a defective condition in the gutter above the entrance door. During any heavy rainfall, this would have caused rain water to spill over its outer edge, rather than through the connected leader, since the gutter was tilted downward on the opposite side of the leader. The evidence indicates, however, that there had been no rain during the days heretofore mentioned, but that snow had fallen daily in the quantities described. The weather had been *532 too cold for the snow to melt. The court must assume therefore that whatever ice there was on the steps was formed by snow hardened by the weather plus the trampling of feet of those using the premises.
Under the circumstances, the court finds no negligence upon the part of the State. Even if the State had been negligent, claimant was guilty of contributory negligence in that he failed to exercise due care in his descent of the steps, particularly since he was well aware of the prevailing condition thereof. (Bressler v. Rule Realty Co., 219 App. Div. 529, affd. 248 N. Y. 619.) He who fails to safeguard himself against or to avoid what is obviously a known danger must be held liable for ensuing injury. (Powers v. Montgomery Ward & Co., 251 App. Div. 120, affd. 276 N. Y. 600; Griffin v. State of New York, 250 App. Div. 244.)
The claim is dismissed.
This constitutes the decision of the court in accordance with the provisions of section 440 of the Civil Practice Act.
Let judgment be entered accordingly.