■ HELEN PLOTZ et al., Respondents, v. ANNA P. GREENE et al., Appellants.— In a negligence action to recover damages for personal injuries, medical expenses and loss of services, the defendants appeal from a judgment of the Supreme Court, Kings County, entered December 8, 1959, on a verdict in favor of the plaintiffs, after a jury trial. Judgment reversed on the law, with costs, and the complaint dismissed. Findings of fact implicit in the jury's verdict are affirmed. The female plaintiff and the female defendant were members of the Brooklyn Vassar Club, an association of former students of Vassar College. A regular meeting of the club was being held at the defendants' home, pursuant to notices sent out by the club's corresponding secretary at the direction of the female plaintiff, the club's president. During the course of the meeting and while the speaker of the evening was delivering her address, the doorbell rang and the female plaintiff arose from her seat and went toward the door with the intention of opening it. In so doing, she stepped on a six-by-eight-foot rug which was on the waxed parquet floor in the hallway. The rug was not affixed to the floor and it rumpled or skidded, and she fell, sustaining severe injuries. The defendants received no compensation for holding the meeting in their home, although they might have received reimbursement for the expenses of some of the refreshments served that evening. The purpose for which the female plaintiff came to the defendants' home was of no material or pecuniary benefit, actual or potential, to the defendants. Although the defendants did not personally invite the female plaintiff to their home, she comes within the tort rules applicable to a social guest or licensee and not within those applicable to a business visitor or invitee (*Dotson* v. *Haddock*, 46 Wash. 2d 52; *Wilson* v. *Bogert*, 81 Idaho 535; *Maher* v. *Voss*, 46 Del. 418; see, e g., *Wilder* v. *Ayers*, 2 A D 2d 354, affd. 3 N Y 2d 725). A social guest or licensee must take the premises as he finds them, and he is entitled to no greater protection than the members of the family of the owner of the premises. Upon the facts disclosed by this record, the defendants owed the female plaintiff only the duty to exercise reasonable care to disclose to her any dangerous defects known to them (the defendants) and not likely to be discovered by her. In our opinion, her fall was not caused by any such defect (*Krause* v. *Alper*, 4 N Y 2d 518; *Traub* v. *Liekefet*, 2 A D 2d 22, affd. 4 N Y 2d 747; see, e.g., *Dotson* v. *Haddock, supra*). Beldock, Acting P. J., Ughetta, Kleinfeld and Brennan, JJ., concur; Christ, J., dissents and votes to affirm, with the following memorandum: I agree that the female plaintiff was a social guest or licensee and therefore took the premises as she found them. I also agree that she may recover only if injured by a "trap" or "hidden danger" of which she had no knowledge (*Wilder* v. *Ayers*, 2 A D 2d 354, affd. 3 N Y 2d 725). The case was properly left to the jury on that

basis (cf. *Curren* v. *O'Connor*, 304 N. Y. 515; *Ordway* v. *Hilliard*, 266 App. Div. 1056). Contrary to the majority, I believe that the proof here was sufficient for the jury to find that there was a trap or hidden danger and that such trap or danger was the proximate cause of the female plaintiff's fall. The proof established that the defendants had waxed and buffed the parquet floor three weeks before the injury. On such waxed and buffed floor directly inside the front door, defendants kept a six-by-eight-foot oriental rug. No antislip liner or other slip-resistant substance was put under the rug to prevent or retard its slipping; nor was the rug fastened in any manner to the floor. The defendants knew that members of a college alumnae club, including the female plaintiff, were coming to the house for a meeting. No warning was given to said plaintiff of this dangerous condition, and very little of the floor in the hall was visible beyond the edges of the rug. Said plaintiff stepped on the rug; it rumpled or skidded and threw her to the floor, causing her to sustain serious injuries. The facts in this case show both a hidden danger of which no warning was given, and a lack of knowledge on the part of the female plaintiff of such danger. It is common knowledge that lightweight rugs on waxed and polished floors will slide or skid. It has come to be common practice among prudent people to place an antiskid mat or some antiskid substance beneath such rugs to protect those who are to walk upon them — especially the infrequent caller or visitor. *Droge* v. *Czarniechi* (285 App. Div. 1052, affd. 2 N Y 2d 897, by a 4 to 3 decision) is distinguishable. There the infant plaintiff was aware, prior to his fall, of the slippery nature of the floor upon which the small rug had been placed. *Traub* v. *Liekefet* (2 A D 2d 22, affd. 4 N Y 2d 747) is also distinguishable. In that case there was no evidence that the floor was waxed or that any preparation was applied to it. We may not disturb the verdict unless it is clearly unsupported by the evidence (*Rapant* v. *Ogsbury*, 279 App. Div. 298). In my opinion, the verdict here is clearly *supported* by the evidence. Hence, it should not be disturbed, especially since its amount is not claimed to be excessive.