■ RAYMER CONTRACTING CORPORATION, Plaintiff, v. BRAMA-WEBER & COMPANY, INC., Respondent, and JOHN A. ROEBLING SONS CORPORATION, Appellant.—

No opinion. Beldock, P. J., Ughetta, Christ, Hill and Hopkins, JJ., concur.

■ AGNES RETTIG, Respondent, v. THOMAS NOLAN et al., Defendants, and FREDERICK WALLRAPP et al., Appellants.—

No opinion. Beldock, P. J., Ughetta and Kleinfeld, JJ., concur; Christ and Hopkins, JJ., dissent and vote to reverse the order denying said defendants' motion for summary judgment, to sever the action as to said defendants and to grant the motion, with the following memorandum: The facts are not in dispute and are based solely on the testimony of plaintiff on an examination before trial. The plaintiff, a woman 68 years of age, was walking along a public sidewalk abutting a public highway and was caused to fall over a large board placed across the sidewalk by defendants. The accident happened at approximately 12:15 in the afternoon on a clear, sunny day. There was no one in front of her and her view was unobstructed at all times. The board was 6 feet long, 12 to 15 inches wide and 2 to 3 inches thick. She saw the board when she was distant "a house or two houses away;" and she was going to step over it when her right foot hit the board and she fell over and on top of it, fracturing her right arm. There were no other impediments on the sidewalk. Although plaintiff saw the board across the sidewalk and proceeded to traverse it, she did not lift her feet high enough to clear the plank. Certainly a reasonably prudent person would have done so. Under the circumstances, she is guilty of contributory negligence as a matter of law, since reasonable minds could not differ on the question (*Hudson* v. *Church of Holy Trinity*, 250 N. Y. 513; *McKay* v. *Carsons Dept. Store*, 263 App. Div. 820; *Bronstein* v. *Woolworth Co.*, 16 N. Y. S. 2d 171). This is not a case of momentary forgetfulness of a known danger; nor was plaintiff's attention diverted by "natural and unavoidable causes." She saw the plank, was ever mindful of it, but failed to meet the situation with due care. Such considerations as were present in *Palmer* v. *Dearing* (93 N. Y. 7) are therefore not present here. Placing the board across the public sidewalk constituted both nuisance and negligence, and though characterized as a nuisance, such conduct is a tort founded on or arising from negligence. Whenever nuisance has its origin in negligence, the contributory negligence of the plaintiff bars recovery (*McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340; *Orcutt* v. *Pomonok Country Club*, 285 App. Div. 1122).