(November 19, 1964)

■ EILEEN CONKLIN, an Infant, by Her Guardian ad Litem, GEORGE CONKLIN et al., Respondents, v. FORDHAM STREET BOAT CLUB, INC., Appellant.

MEMORANDUM BY THE COURT. Judgment reversed on the law and on the facts and the complaint dismissed, with $50 costs to defendant. The infant plaintiff was injured when she tripped and fell over a rock 12 to 14 inches in diameter and 8 inches high. Her parents were members of defendant club and there maintained a boat. Adjacent to the clubhouse there was a graded parking lot approximately 100 by 150 feet. At the time of the accident defendant was installing a track for the purpose of transporting boats from the water edge to the locker room. Truckloads of fill had been dumped in this area and contained therein were sizable rocks and stones. On a Sunday afternoon in July the infant, then nine years of age, while traversing this area fell over one of the rocks. The measure of defendant's duty was reasonable care (Greene v. Sibley, Lindsay & Curr Co., 257 N. Y. 190). This is not a case of injury to one within the confines of a maintained parking lot (cf. Jackson v. Associated Dry Goods Corp., 13 N Y 2d 112). Concededly, the area where the accident occurred was being filled for construction of the railroad track. The infant plaintiff undertook to walk therein and in a daylight hour fell over a large rock that was plainly visible. The finding implicit in the verdict of the jury that defendant should have anticipated such an occurrence would impose a duty much greater than the law requires of a reasonably prudent person. (Cf. Garthe v. Ruppert, 264 N. Y. 290, 295; Powers v. Montgomery Ward & Co., 251 App. Div. 120, affd. 276 N. Y. 600; Oldfield v. Neisner Bros., 285 App. Div. 1110.)

RABIN, J. (dissenting). I dissent. I would affirm the judgment entered in favor of the infant plaintiff, but would order a new trial with respect to the cause of action of George Conklin, the infant's father, unless he were to consent to a reduction in the amount awarded to him from $1,000 to the amount of his proven disbursements.

I am of the opinion that the defendant owed the infant plaintiff the duty of exercising reasonable care to render the premises involved reasonably safe. The testimony of the plaintiff father, coupled with that of the defendant's president indicates that the former had parked his car in an area provided and controlled by the defendant. In support of that conclusion we have the testimony of the father that there was "No special parking place designated, just parked wherever you could find a spot". That testimony was buttressed by that of the defendant's president who testified at an examination before trial as follows:

"Q. Now, as part of the boat yard did the defendants have a parking lot? A. There is no parking lot as far as I was concerned. It was a general parking for everyone.

" Q. By everyone, do you refer to patrons of the boat club? A. That is correct, sir."

I conclude, therefore, that the plaintiffs were invitees of the defendant with respect to the premises in question and consequently, there arose the duty on the part of the defendant to keep that area reasonably safe for use.

Quite apart from this conclusion, on this record we must find such duty owing from the defendant to the infant plaintiff. At the trial, the defendant did not deny it was its duty to keep that area in a reasonably safe condition for use by its patrons. And it was on that theory that the case was given to the jury — without exception on the part of the defendant. The court charged: " The defendant, as owners [sic] and operators [sic] of this boat club, owed to the plaintiff the duty of exercising ordinary care to render the premises reasonably safe for the purposes which the infant plaintiff was to use said premises. Plaintiffs were entitled to expect that the defendant on its part should use reasonable care to prevent damage or injury from unusual danger which they knew or should have known. The defendant may be held liable for bodily harm caused to the infant plaintiff if they knew, or by the exercise of reasonable care could have discovered the dangerous condition on their premises and failed to make the condition reasonably safe or to warn the plaintiffs of the condition and risk involved." That the defendant owed the plaintiffs the duty as described in that portion of the charge became the law of the case. Even on this appeal the defendant takes no different position. It states in its brief as follows: " Plaintiff was an invitee and it was the duty of the defendant to keep the boat yard in a reasonably safe condition for use by invitees."

Having been charged that it was the duty of the defendant to keep the area safe the jury was obliged to make a finding as to whether the defendant properly discharged that duty. It found that the defendant did not. I think there is ample evidence to support that finding and it should not be disturbed. Whether the defendant should have foreseen that an accident, such as that which became the basis for this lawsuit could occur, was also a question for the jury to decide in determining whether the defendant was guilty of negligence. There was a reasonable basis for its finding in that respect. Nor can we say as a matter of law that the infant plaintiff was guilty of contributory negligence. In the circumstances of this case whether the infant was so guilty was purely a question of fact. There is no basis for setting aside what was implicit in the jury's verdict in that respect. Accordingly, I dissent as above indicated.

Breitel, J. P., McNally, Steuer and Bastow, JJ., concur in Memorandum by the court; Rabin, J., dissents in opinion.

Judgment reversed on the law and on the facts and the complaint dismissed, with $50 costs to defendant.