Thomas I. **FITZGERALD**, as Public Administrator of the Goods, Chattels and Credits which were of Leona C. Graf, Deceased, Plaintiff,

v.

Aurelio S. **ALBA** and United States of America, Defendants.

No. 64 Civ. 1408.

United States District Court
S. D. New York.

Nov. 1, 1966.

Harry H. Lipsig, New York City, for plaintiff, Murray L. Lewis, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., New York City, for defendants, Dawnald R. Henderson, Asst. U. S. Atty., of counsel.

## MEMORANDUM

COOPER, District Judge.

Pursuant to Rule 56(b), F.R.Civ.P., defendant United States of America moves for summary judgment. Motion granted.

The action is based upon wrongful death of plaintiff's decedent on March 23, 1963. The material facts are not in dispute. On that day in the early afternoon, the deceased entered upon the United States Coast Guard Base at Saint George, Staten Island, for purposes of a personal and private visit with defendant Alba, who was stationed there but not on duty at the time.

In opposing the instant motion, plaintiff's counsel states in his affidavit verified October 10, 1966:

> During the course of her visit there she was in an automobile owned by defendant, Alba. The two of them proceeded in the automobile through the base and to a pier known as "Berthing Charlie."
>
> The decedent remained in the automobile while Alba left the car with the motor running. The car began to move and went off the pier into the water and death resulted therefrom.

The gravamen of plaintiff's claim against movant is to be found in the pre-trial order (3(b)) filed last August: The government permitted the pier over which it had control to remain without adequate guard rails or "other motor vehicle retarding devices" and thereby created a hazardous condition as to which no warning was given.

■ Assuming for the purposes of this motion that the liability asserted against movant has basis in fact, the government nevertheless is entitled to summary judgment. It is conceded that decedent, as a social guest, was a "licensee." See Krause v. Alper, 4 N.Y.2d 518, 176 N.Y.S.2d 349, 151 N.E.2d 895 (1958). New York law provides that a landowner's duty to a licensee is to refrain from acts of affirmative negligence or intentional harm; exercise reasonable care to disclose hidden, dangerous defects not likely to be discovered by the plaintiff. See Krause v. Alper, supra; Dragon v. Adams, 18 A.D.2d 1120, 238 N.Y.S.2d 1010 (1963); Plotz v. Greene, 13 A.D.2d 807, 215 N.Y.S.2d 813 (1961).

■ Plaintiff alleges no instance of how defendant " * * * negligently created an unreasonable danger in the commission of an affirmative act * * *." Attler v. Attler, 149 N.Y.S.2d 417, 419 (Sup.Ct.1956), aff'd. 2 A.D.2d 959, 157 N.Y.S.2d 904 (1956). Defendant's alleged failure to construct a guard rail is not in contemplation of law such an affirmative act.

■ Plaintiff similarly has failed to show the existence of any latent defect not likely to be discovered by plaintiff. As a matter of law we must hold that the lack of a guard rail was not a "hidden" defect. See Powers v. Montgomery Ward & Co., Inc., 251 App.Div. 120, 295 N.Y.S. 712 (1937), aff'd. 276 N.Y. 600, 12 N.E. 2d 595 (1937); Krause v. Alper, supra; Wilder v. Ayers, 2 A.D.2d 354, 156 N.Y. S.2d 85 (1956).

The essential facts indicated above having been stipulated, there is no factual dispute to justify denying summary judgment as a matter of law.

Accordingly, motion for summary judgment is granted. Plaintiff's complaint against defendant United States of America is dismissed.

This shall be considered an order; settlement thereof is unnecessary.

So ordered.