Evariste Gr. Lavigke, J.
This is a motion by defendant to set aside a jury verdict and judgment in favor of plaintiff in the sum of $600 on the ground that plaintiff failed to show defendant had actual or constructive notice of an alleged dangerous condition at certain real property owned and operated by defendant as a branch bank in the Village of Latham, Albany County, New York. This action was tried before the undersigned and a jury on May 15,1968.
Plaintiff testified that on January 13,1967, at about 9:30 a.m. of said day he entered the Latham branch of the defendant bank. To gain entrance to the banking quarters plaintiff had to pass through two doors. In reaching the banking quarters plaintiff, who claims he was much heavier on that day as compared to the present, in taking a step observed water on the floor, but it was too late to change his stride, and placed his foot in said water; he did not fall but, in avoiding falling, strained his left foot and lower back. Plaintiff further testified that the water accumulated on said floor from some melting snow. Plaintiff also testified that he had previously made visits to said bank traversing the same area where the alleged personal injuries were sustained.
Defendant, through its branch manager, testified that he arrived at said bank one hour and 15 minutes before the alleged accident occurred. He stated further three other employees had entered the bank and that he, the manager, had inspected the floor on entering the bank on that day. He also testified that the bank opened for business at 9:00 a.m. and that plaintiff was the third or fourth customer who had entered the bank during that period.
The only question to be resolved on this motion is whether or not defendant had actual or constructive notice of the condition of the floor area where plaintiff claims to have sustained personal injuries. In this connection it was incumbent upon plaintiff to show that there was reasonably adequate time for defendant to guard against the alleged dangerous condition, if one existed at the time.
The presence of a normal amount of water would not establish a want of reasonable care. Defendant would not be guilty of actionable negligence unless it failed to use care to remedy the condition after actual or constructive notice thereof. (Boccacino v. Our Lady of Pity R. C. Church, 18 A D 2d 1055.)
*134 The only actionable defect to be found from the proof is that water accumulated on the floor of defendant’s premises. An owner of real property cannot be expected to prevent the presence of some water on the floor during the course of a snowy or rainy period. (Spaulding v. Christakos, 295 N. Y. 973.) The proof here is that it had snowed previous to the time of the accident and that the snow had been plowed to the outside of the parking lot and the pavement of this parking lot was wet.
It has been repeatedly held that a defendant cannot be liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care. (Powers v Montgomery Ward & Co., 251 App. Div. 120.) Plaintiff admits having visited the banking institution on numerous occasions and further admits having seen the water on the floor before he actually stepped into said water.
The duty of defendant was none other than to keep said floor reasonably safe for the purpose it was maintained. (Garthe v. Ruppert, 264 N. Y. 290.) It cannot be expected that defendant keep an employee on said floor mopping the floor after each customer enters the premises.
It must be expected that, with the pavement outside the premises in question wet, a certain amount of wetness is to be tracked upon the floor of the banking quarters. The owner of such premises cannot prevent some water or even mud from being brought into an entranceway when it is wet outside and he is not responsible for injuries caused thereby unless it is shown that the construction of the store is inherently dangerous or that he failed to use care to remedy a condition which had become dangerous after actual or constructive notice of such condition. (Miller v. Gimbel Bros., 262 N. Y. 107.)
I do not think that sufficient time elapsed between the hour that defendant’s bank was opened and the hour that the alleged accident took place for the defendant to have actual or even constructive notice of the condition of the floor of said premises. It was held in a more recent decision that a period of 48 hours was insufficient to charge a defendant with constructive notice. (Meyerowitz v. Modern Metal Store Front Co., 21 N Y 2d 923.) Plaintiff has failed to show actual or constructive notice of the condition of the floor of defendant’s premises, the alleged condition of said floor not being in existence of sufficient time to spell out constructive notice to defendant.
Accordingly, the verdict of the jury is hereby set aside and the complaint dismissed, and the judgment entered herein in favor of plaintiff in the sum of $672.50 is vacated.