■ BABETTE SCHILLER et al., Respondents, v F. W. WOOLWORTH CO., Appellant.—In a negligence action to recover damages for personal injuries, etc., defendant appeals from a judgment of the Supreme Court, Queens County, entered April 9, 1975, in favor of plaintiffs, upon separate jury verdicts on the issues of liability and damages. Judgment affirmed, with costs. The issue of contributory negligence was properly one for the jury to decide and the damages awarded do not shock the conscience of the court. Margett, Acting P. J., Damiani, Shapiro and Hawkins, JJ., concur; Cohalan, J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum: On direct examination, plaintiff Babette Schiller, a 69-year-old woman who wore glasses only while reading, testified that she was shopping in defendant's store on April 20, 1973 (Good Friday) at about noon. The store was well lighted. As she walked down the center aisle (of three) in the store, she was looking straight ahead. Her attention was not in any manner distracted by any Easter display, nor was her vision in any wise obstructed. The aisle was about three feet wide. At the point in the aisle where she suffered her unfortunate accident, someone had left a cardboard carton, brownish in color. In approximate dimensions, it was three feet long, one foot wide and about three feet high. It rested against a counter in a slanting or tilted position. The angle of tilt is not in the record. The length of the carton ran parallel with the counter, thus reducing the width of the aisle at that point to about two feet. When her left foot came into contact with the carton, she slipped and fell, sustaining a severe injury. The trial was bifurcated. On the liability issue the jury found in Mrs. Schiller's favor and also found for her husband on his derivative cause of action. The resulting judgment, based upon that jury verdict, should be set aside on the ground that it is contrary to, and against, the weight of the evidence. On the issue of negligence, see *Powers v Montgomery Ward & Co.* (251 App Div 120, affd 276 NY 600), wherein the complaint was dismissed. In that case the facts, as developed in the Fourth Department's opinion, reveal that (p 121): "In one space between posts there was a platform eleven

feet long, twenty-two inches wide and four and a half inches high. On the westerly side of this platform there was an aisle forty-two inches wide and an aisle on the easterly side thirty-eight inches wide. At the time of the accident this platform was used to display doll buggies and kiddy carts. * * * The jury * * * found that Mrs. Powers * * * tripped over this platform and fell and sustained * * * injuries". In reversing a judgment for the plaintiff, the Appellate Division commented (id., p 122): "Certainly the platform used to display goods in defendant's store was in plain view of any person using his eyes, and it was not a hidden or concealed danger which the defendant was required· to guard against, and the use thereof did not unreasonably expose plaintiff's intestate to danger." At bar, there was no indication how long the carton had been in the described location, how it came to be there or why it was there. Thus, as noted further in Powers (supra, p 122): "The evidence does not show that the defendant failed in its duty to keep its place of business reasonably safe for use by plaintiff's intestate and other customers." (See, also, Hanstick v Bohack Co., 279 NY 654; Butler v Bohack Co., 3 AD2d 676.) On the subject of contributory negligence, the trial court, in its charge to the jury, submitted the following as an example: "Maybe a seventeen or eighteen-year-old boy walking in the same aisle might have seen the boxes and jumped over them and avoided the accident. But, as I said, Mrs. Schiller is not a seventeen or eighteen-year-old boy; she is an elderly woman, on the heavy side, and you have to decide whether or not in the circumstances in this case, Mrs. Schiller was contributorily negligent. It's as simple as that." The statement was a misleading non sequitur which militated against defendant, carrying as it did the implication that, because of the burden of her years, Mrs. Schiller should be absolved of contributory negligence. Moreover, it is acuity and not agility with which we are concerned and the illustration might well have tipped the scale in favor of the plaintiffs. In Betancourt v Wilson (3 AD2d 465), a youngster who had been playing ball in the street testified that he looked and did not see the oncoming automobile. The court held (p 466): "The rule is well settled, that testimony to the effect that one has looked but did not see, what was there to be seen, is incredible as a matter of law." There, the Appellate Division reversed a. judgment in favor of plaintiff and dismissed his complaint. The Court of Appeals upheld the rationale of the Appellate Division, but reversed and remanded for a new trial instead of allowing a dismissal of the complaint (Betancourt v Wilson, 4 NY2d 808). (See, also, Powers v Montgomery Ward & Co., supra; Dolfini v Erie R. R. Co., 178 NY 1.) Accordingly, and for the reasons advanced, I would reverse the. judgment and grant a new trial.