Rescript Opinions.

SAMUEL CORLETT vs. HI LO CORP. March 2, 1966. This is an action of tort to recover for injuries suffered on February 19, 1960, when the plaintiff was struck by a trailer which separated from a tractor leased by the defendant to the plaintiff's employer. The action was heard initially by an auditor who found for the defendant. The case was again tried in the Superior Court before a jury. The case is here on exceptions to the direction of a verdict for the defendant. There was no evidence that the tractor was defective when delivered to the plaintiff's employer on February 18, 1960. A fellow employee of the plaintiff testified that he "made 200 to 300 trips with his tractor from 1:00 P.M. to the time of the accident [at 8:45 P.M.]." No inference against the defendant can be drawn from testimony that the tractor was defective at the time of the accident since the plaintiff did not satisfy the burden of showing that the tractor had not been improperly handled after it left the control of the defendant. *Evangelio* v. *Metropolitan Bottling Co. Inc.* 339 Mass. 177, 183. *Selissen* v. *Empire Bottling Co. Inc.* 343 Mass. 779. The case of *Flaherty* v. *New York, N. H. & H. R.R.* 337 Mass. 456, relied on by the plaintiff, is easily distinguishable from the facts in the instant case. There was no error.

*Exceptions overruled.*

*Nathan Greenberg* for the plaintiff.
*William J. McCluskey* for the defendant.

EVELYN HATHAWAY PURDY vs. R. A. McWHIRR COMPANY. March 2, 1966. In this action of tort, the jury returned a verdict in favor of the plaintiff. The case is here on the defendant's exception to the denial of its motion for a directed verdict. We summarize the evidence most favorable to the plaintiff. Several packing boxes, each three feet high, twenty-seven inches wide, three inches thick and weighing twenty-one pounds, stood "straight up and against the end" of a two foot high display table in the defendant's store, "flush to the table." Each box contained a metal table. The boxes extended some five to six inches into the aisle. As the plaintiff walked by the table, "there was a bang and a thud and the boxes were on her leg." She tried to get them off but was unsuccessful until two women came and assisted her. The defendant contends that the plaintiff failed to prove negligence or that the defendant's negligence caused the accident. The plaintiff was not required to point out the exact way in which the accident occurred as long as she showed a greater likelihood that her injuries came from an act of negligence for which the defendant was responsible. *Navien* v. *Cohen,* 268 Mass. 427, 431. *Conley* v. *Morash,* 307 Mass. 430, 432, 433. The jury could have found that leaving the cartons in a state of precarious balance was a negligent act which caused the injury. See *Navien* v. *Cohen,* 268 Mass. 427; *Dunbar* v. *Ferrera Bros. Inc.* 306 Mass. 90; *Ryder* v. *Robinson,* 329 Mass. 285.

*Exceptions overruled.*

*John H. Fletcher Calver* for the defendant.
*William A. Torphy, Harold K. Hudner & Frederic J. Torphy,* for the plaintiff, submitted a brief.