■ MARTHA THORNHILL et al., Appellants, v TOYS "R" Us NYTEX, INC., Individually and Doing Business as KIDS "R" Us, Respondent.—Mahoney, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Bergerman, J.) in favor of defendant, entered November 19, 1990 in Rockland County, upon a dismissal of the complaint at the close of the evidence.

---

This personal injury action arises out of plaintiff Martha Thornhill's fall over a raised display platform located in front of the girl's department of defendant's store in the Town of Clarkstown, Rockland County. The gravamen of the claim is that defendant was negligent in causing and/or permitting the platform to be obstructed from view by the close proximity of other display racks and a shopping cart.

During trial on the issue of liability only, the testimony established that the store was undergoing renovation at the time when the accident occurred. Thornhill approached the department from the front, walked past the platform and shopped in the area for several minutes. According to her, the circular display racks located in the department were close together (approximately 12 to 18 inches apart) and there were no discernible aisles, thus giving the department a maze-like appearance. In addition, Thornhill noticed a shopping cart two-thirds full of summer merchandise located near the platform and looked through it while she shopped. Upon leaving the department, as she attempted to maneuver around the shopping cart, Thornhill tripped and fell over the raised platform. There were no eyewitnesses to the fall. While photographs taken approximately 30 minutes after the accident revealed the presence of wet floor caution signs on either side of the platform, Thornhill denied seeing any signs whatsoever on the platform prior to or after her fall. The testimony of the store's assistant manager revealed that store employees sometimes use shopping carts like the one present in the department at the time of the accident to stock merchandise or to take returns out of the fitting room. At the conclusion of the evidence, defendant moved to dismiss the complaint. Supreme Court granted the motion. Plaintiffs appeal.

It is well established that landowners who hold their property open to the public have a general duty to maintain it in a reasonably safe condition so as to prevent the occurrence of foreseeable injuries *(see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 518-519; *Basso v Miller,* 40 NY2d 233, 241; *cf., O'Connor v State of New York,* 70 NY2d 914, 915). Encompassed within this duty is the duty to warn of potential dangerous conditions existing thereon, be they natural or artificial *(see, Basso v Miller, supra;* Restatement [Second] of Torts § 342). This duty extends, however, only to those conditions that are not readily observable; the landowner owes no duty to warn of conditions that are in plain view, easily discoverable "by those employing the reasonable use of their senses" *(Tarricone v State of New York,* 175 AD2d 308, 309, *lv*

*denied* 78 NY2d 862), for in such instances the condition is a warning in itself *(see, supra; Schiller v Woolworth Co.,* 51 AD2d 784, 785, *appeal dismissed* 39 NY2d 901; *Powers v Montgomery Ward & Co.,* 251 App Div 120, 122, *affd* 276 NY 600).

Viewing the evidence in a light most favorable to plaintiffs as we must in reviewing a motion to dismiss the complaint made at the conclusion of the evidence *(see, Donnell v Stogel,* 161 AD2d 93, 96; *Lipsius v White,* 91 AD2d 271, 276-277), we believe that the evidence presented (i.e., the close positioning of clothes racks in the department in general and next to the raised pedestal in particular, the presence of a shopping cart containing summer merchandise which obstructed the raised platform, the lack of warning signs or the presence of "wet floor" signs on the front of the pedestal, accompanied by the introduction of photographs which reveal that the presence of the platform is not as clearly discernible from the rear as it is from the front due to the presence of the display racks) was sufficient to warrant submission to the jury on the issues of whether the pedestal was an open and obvious condition when viewed from behind *(cf., Schuster v State of New York,* 28 AD2d 613, 614; *Eisenberg v Irving Kemp, Inc.,* 256 App Div 698, 702) and, if not, whether defendant complied with its duty to warn. Because there is evidence to suggest that the shopping cart was placed near the rear of the pedestal *by* defendant's employees, plaintiffs' failure to establish defendant's actual or constructive notice of its presence is not fatal to their case *(see, Keyes v Jennings Co.,* 150 AD2d 758, 759).

Mercure, J. P., Crew III, Casey and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the Supreme Court for a new trial, with costs to abide the event.