■ WILLIAM E. MORGAN, JR., Appellant, v WILLIAM A. GENRICH et al., Respondents. [659 NYS2d 638] —Order unanimously reversed on the law without costs, motion denied and complaint reinstated. Memorandum: On the morning of January 31, 1994, plaintiff, a diesel mechanic, was dispatched by his employer to the parking lot of the Lord Amherst Motor Hotel and restaurant (Lord Amherst), owned and operated by defendants. A truck driver had experienced mechanical problems with his truck while he was driving on the New York State Thruway and had exited from the Thruway and driven

into the parking lot of the nearby Lord Amherst. He had used the telephone on the premises to telephone plaintiff's employer. Plaintiff arrived and began to make repairs to the truck. The truck driver purchased two cups of coffee at the restaurant, and he and plaintiff sat in plaintiff's truck to drink their coffee. As plaintiff exited his truck to recommence work, he slipped on an accumulation of ice in the parking lot, fell and sustained injuries.

Plaintiff commenced this action and, following discovery, defendants moved for summary judgment dismissing the complaint on the grounds that they owed no duty to plaintiff and had no notice of a dangerous condition in the parking lot. Supreme Court granted the motion and dismissed the complaint "upon a finding that there was no notice nor any duty owed by the defendants to the plaintiff". We reverse.

Defendants argue that they owed no duty to plaintiff because he was not a foreseeable user of the parking lot. That argument has no merit. Defendants admitted that the parking lot was open for use by patrons of the hotel and the restaurant, and that, in the past, patrons had experienced mechanical problems with their vehicles, necessitating the presence of tow trucks or repair vehicles in the parking lot. The Lord Amherst is located near a Thruway entrance/exit, and it is foreseeable that trucks using the Thruway would exit to patronize that establishment. Furthermore, the truck driver used the telephone and also purchased coffee in the restaurant.

Defendants also argue that they owed no duty to plaintiff because plaintiff observed that the parking lot was very icy, yet he proceeded with the truck repairs. That argument is misplaced. Defendants owed a duty to keep their premises reasonably safe for the protection of any person whose presence is reasonably foreseeable (*see, Basso v Miller,* 40 NY2d 233, 241). Defendants rely upon cases that hold that a landowner has no duty to warn of open and apparent conditions on the property (*see, Cimino v Town of Hempstead,* 110 AD2d 805, *affd* 66 NY2d 709; *Pepic v Joco Realty,* 216 AD2d 95). Those cases are inapposite. The fact that the icy conditions were readily observable may be relevant to the issue of plaintiff's comparative negligence, but it does not negate the duty of defendants to keep their premises reasonably safe.

Finally, we conclude that plaintiff submitted sufficient evidence in opposition to the motion to raise an issue of fact whether the icy condition of the parking lot existed for a sufficient time that defendants should have observed it through the exercise of reasonable care and taken corrective action

(*see, Boyko v Limowski,* 223 AD2d 962). (Appeal from Order of Supreme Court, Erie County, Sconiers, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Doerr, Boehm and Fallon, JJ.