■ SAMUEL STERN et al., Respondents, v GABRIEL OFORI-OKAI et al., Appellants. [668 NYS2d 68] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Graffeo, J.), entered April 2, 1997 in Albany County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff Samuel Stern (hereinafter plaintiff) and his wife,

derivatively, commenced this action for injuries allegedly sustained when plaintiff slipped and fell on defendants' driveway. Plaintiffs allege, *inter alia*, that defendants were negligent in the manner of snow removal by creating an uneven and slippery surface, ruts, depressions and hidden areas of ice accumulation. The accident occurred on February 20, 1993 while plaintiff, having just sold an automobile insurance policy to defendants, was photographing the covered vehicle.

Following some discovery defendants moved for summary judgment dismissing the complaint, arguing that because the condition of the driveway was readily apparent, plaintiffs failed to establish a prima facie case. Supreme Court denied defendants' motion, finding questions of fact with respect to whether defendants used reasonable care in the maintenance of their driveway and whether plaintiff was comparatively negligent. Defendants appeal.

"Analysis of a case involving a slip and fall in winter conditions starts with the well-settled principle that a party who possesses or controls real property is under a duty to exercise reasonable care under the circumstances" (*Marcellus v Littauer Hosp. Assn.*, 145 AD2d 680, 681 [citation omitted]). A necessary precondition to the imposition of liability is a showing that the defendant had actual or constructive notice of the hazardous condition (*see, Boyko v Limowski*, 223 AD2d 962, 963-964; *Byrd v Church of Christ Uniting*, 192 AD2d 967, 969). In the instant case, defendants do not allege lack of notice; rather, they contend that the readily observable nature of the condition of the driveway relieved them of liability. In slip and fall cases of this nature, however, the plaintiff is often aware of the presence of a slippery surface caused by snow or ice (*see, e.g., Boyko v Limowski, supra*). While perhaps relevant to the issues of notice (*see, id.; Byrd v Church of Christ Uniting, supra*, at 969) and comparative negligence (*see, Montross v State of New York*, 219 AD2d 845, 845-846), the obviousness of this type of hazard does not ordinarily preclude a finding of liability on the part of the property owner (*cf., id.*).

Here, the photographs taken by plaintiff minutes before he fell depict the uneven areas of snow and ice on the driveway surface. According to plaintiff, defendants warned him of the slippery condition while he was in the process of traversing the area where he fell. Viewed in the light most favorable to plaintiffs (*see, Russell v Hepburn Hosp.*, 154 AD2d 796, 797), the record presents questions of fact as to whether defendants exercised reasonable care in maintaining their driveway given the circumstances, as well as whether plaintiff's own negligence

caused or contributed to his fall (*see, Montross v State of New York, supra*).

And, although we find defendants' arguments unconvincing, their appeal is not, as plaintiffs suggest, so frivolous as to justify sanctions.

Mikoll, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.