■ DEBRA L. HOLL, Appellant, v GERALDINE A. HOLL et al., Respondents. (Appeal No. 2.) [705 NYS2d 783] —Amended order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting that part of the motion of Geraldine A. Holl (defendant) for summary judgment dismissing the complaint against her. Plaintiff, defendant's daughter, was injured when she tripped on a threshold and fell. Defendant employed defendant Daniel Stanley Kowal, doing business as Kowal Konstruction (Kowal), to build an attached garage and install a new doorway leading from the garage into the house. As constructed, the doorway had an interior threshold that protruded upwards approximately 3½ inches from the floor of the house. Although we agree with defendant that she had no duty to warn plaintiff of the open and obvious condition (*see, Hopson v Turf House,* 252 AD2d 796, 797), plaintiff alleges that defendant breached her duty to maintain her property in a reasonably safe condition. "The fact that the [raised threshold] was readily observable goes to the issue of comparative negligence and does not negate the duty of defendant[ ] to keep [her] premises reasonably safe" (*Crawford v Marcello,* 247 AD2d 907). The 3½ inch-high threshold is not "trivial" as a matter of law, and whether it constituted a dangerous or defective condition is an issue of fact for the jury (*see, Trincere v County of Suffolk,* 90 NY2d 976).

The court properly granted that part of the cross motion of Kowal for summary judgment dismissing the complaint against him. Kowal was neither the owner nor possessor of the property, and thus owed plaintiff no duty of reasonable care (*see, Basso v Miller,* 40 NY2d 233). (Appeal from Amended Order of Supreme Court, Erie County, Michalek, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.