Jacqueline E. MICHALSKI,
Plaintiff–Appellant,

v.

The HOME DEPOT, INC.,
Defendant–Appellee.

No. 99–7849.

United States Court of Appeals,
Second Circuit.

Argued: Jan. 21, 2000

Decided: Aug. 21, 2000

Krishna K. Singh, Amsterdam, New York (Horigan, Horigan & Lombardo, P.C., Amsterdam, New York; Aulisi & Skoda, Gloversville, New York, of counsel), for Plaintiff–Appellant.

Jessica Desany, Albany, New York (James A. Resila, Carter, Conboy, Case, Blackmore, Napierski & Maloney, P.C., Albany, New York, of counsel), for Defendant–Appellee.

Before: CARDAMONE, LEVAL,[1] and PARKER, Circuit Judges.

CARDAMONE, Circuit Judge:

Plaintiff, a first-time shopper in a store owned by defendant Home Depot, tripped and fell there. The sole issue presented is whether an object on defendant's premises that is open and obvious may present a risk of injury to plaintiff so as to make defendant liable in damages. In construing the New York law that governs this diversity case, the district court ruled that defendant could not be liable as a matter of law for injuries arising from a fall over an object that was open and obvious.

We read this record and New York law somewhat differently than did the district court, which granted defendant's motion for summary judgment. The trial court believed the accident occurred as the result of the presence of a large forklift truck in the aisle where plaintiff shopped. Plaintiff alleges she was injured when she tripped over a four-inch pallet resting on the forks of the truck, an object that may not have been open and obvious. A jury could reasonably believe under the circumstances of this case that as plaintiff walked down the aisle she did not see the pallet because the body of the forklift blocked it from her sight. Further, even if a jury finds the pallet to have been open and obvious, we believe that New York law imposed a duty of care on Home Depot if the hazardous nature of the pallet was readily foreseeable and Home Depot had reason to know that its customers might not expect, or be distracted from observing, the hazard. Accordingly, we reverse the grant of summary judgment.

## BACKGROUND

On February 18, 1997 plaintiff Jacqueline Michalski, a New York State resident, tripped and fell over a pallet resting on the forks of a forklift truck at the Home Depot store in Schenectady, New York. She claims serious injuries from the fall.

Home Depot, a Delaware corporation with its principal place of business in Georgia, sells building materials, tools, lumber, and other home improvement items. Its popularity stems in part from the "hands-on" feeling of shopping in a working warehouse environment, with goods displayed on shelves and racks that in some places reach up to 20 feet above the floor. In keeping with the idea that the store is a working warehouse, the practice at Home Depot is for a forklift operator to leave the forklift wherever it happens to be when the employee has finished using it, parked to one side in the same aisles down which customers walk. A pallet left on one of these parked forklifts was the culprit in the accident that occurred in this case.

■ Home Depot filed a statement of material facts in the trial court pursuant to the Northern District of New York's local rules, to which Michalski did not respond. Hence, the factual assertions in Home Depot's statement are uncontested. *See* N.D.N.Y. Local R. 7.1(a)(3); *Gubitosi v. Kapica*, 154 F.3d 30, 31 n. 1 (2d Cir.1998) (per curiam). The issue before us then is how the relevant law applies to these facts.

Michalski entered the Home Depot intent on purchasing bathroom cabinets. A store employee directed her toward the appropriate aisle. Plaintiff turned left into the aisle indicated, and noticed the cabinets she sought above eye-level on the left side of the aisle. As she proceeded down the aisle, she walked by the parked forklift on her right. The back of the forklift—the side without the forks—faced her as she entered the aisle and as she walked past it. The forklift is eight to ten feet tall, and five or six feet wide. Sitting on the forks

---

1. Upon learning of circumstances that justify disqualification, Judge Leval withdrew from consideration of the case.

side of the forklift away from plaintiff was a brown pallet, at floor level. The pallet is four feet wide, four feet long, and four inches high. As Michalski looked up at the cabinets she planned to purchase, she stepped back for a better view, and in so doing tripped over the pallet and fell.

Michalski filed suit against Home Depot in New York State Supreme Court for Montgomery County on February 26, 1998 claiming that Home Depot was negligent in creating a dangerous and hazardous condition and in failing to warn persons lawfully on the premises of the hazardous condition. Home Depot removed the case from state to federal court on April 13, 1998, and after discovery moved for summary judgment.

In granting that motion, the district court observed that plaintiff "ha[d] raised no question of material fact as to whether the forklift was readily observable" and found that "the presence of the forklift was an open and obvious condition." It reasoned that the case involved two principles of premises liability: the duty to keep premises reasonably free of dangerous conditions and the duty to warn of such conditions when they are open and obvious. After deciding that the New York Court of Appeals has not spoken to whether the open and obvious nature of a hazardous condition negates the liability of a landowner who knew of or had created the dangerous condition, the district court applied to the facts before it a decision of the Appellate Division, Third Department, where Schenectady, the scene of this mishap, is located. Under that decision the trial court concluded that a condition that is open and obvious eliminates landowner liability. Thus, it granted summary judgment to Home Depot, from which judgment Michalski appeals.

## DISCUSSION

### I "Open and Obvious" Conditions Under New York Law

#### A. *Standard of Review*

We review a grant of summary judgment *de novo, see First Investors*

*Corp. v. Liberty Mut. Ins. Co.*, 152 F.3d 162, 165 (2d Cir.1998), and, in this diversity case, apply New York law. Even though the facts are uncontested, we nonetheless view them in the light most favorable to, and draw inferences in favor of, the non-moving party, here plaintiff Michalski. *See Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 129 (2d Cir.1997). The question is whether New York law imposes a duty of care upon the owner of a place of business to protect or warn a visitor who encounters an open and obvious hazard, when the owner has created the hazard and has reason to foresee that a customer might be distracted from observing it. The New York Court of Appeals has not had occasion to write on this issue.

Absent law from a state's highest court, a federal court sitting in diversity has to predict how the state court would resolve an ambiguity in state law. In determining how the Court of Appeals would rule on this legal question, the decisions of New York State's Appellate Division are helpful indicators. *See In re Brooklyn Navy Yard Asbestos Litig. (Joint E. & S. Dist. Asbestos Litig.)*, 971 F.2d 831, 850 (2d Cir.1992). The holding of "an intermediate appellate state court ... is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *West v. AT&T*, 311 U.S. 223, 237, 61 S.Ct. 179, 85 L.Ed. 139 (1940). Other data include relevant case law from other jurisdictions on the same or analogous issues, scholarly writings in the field, and any other resources available to the state's highest court. *See Leon's Bakery, Inc. v. Grinnell Corp.*, 990 F.2d 44, 48 (2d Cir.1993).

Because of an apparent split in authority among the Appellate Divisions (discussed below), the district court decided to

follow the law of the Third Department, reasoning that this was the law that would have been applied in the state trial court in the district where this accident occurred and where the suit was originally filed. As appealing as this notion might be as a means of deciding what law to apply, taking this shortcut led to the wrong result. Instead, the proper approach was for the trial court—through an examination of New York and, if necessary, other jurisdictions' case law—to have essayed a prediction on whether the New York Court of Appeals would rule that the open and obvious nature of a hazard precludes landowner liability. To this task we now turn.

B. *Premises Liability Under New York Law*

■ New York law holds that a landowner must exercise reasonable care to maintain its premises in a safe condition in view of the circumstances, accounting for the possibility of injury to others, the seriousness of such injury, and the burden of avoiding such risk. *See Basso v. Miller*, 40 N.Y.2d 233, 241, 386 N.Y.S.2d 564, 352 N.E.2d 868 (1976). Or, as famously stated by Chief Judge Cardozo, "[t]he risk reasonably to be perceived defines the duty to be obeyed." *Palsgraf v. Long Island R.R.*, 248 N.Y. 339, 344, 162 N.E. 99 (1928). Foreseeability of a risk arising from a potential plaintiff's presence on defendant's property is the measure of liability, and it is the essential factor in determining the nature and scope of the duty that the landowner owes plaintiff. *See Kush v. City of Buffalo*, 59 N.Y.2d 26, 29–30, 462 N.Y.S.2d 831, 449 N.E.2d 725 (1983); *Basso*, 40 N.Y.2d at 241, 386 N.Y.S.2d 564, 352 N.E.2d 868.

■ Michalski claims that Home Depot created a dangerous condition by leaving the forklift parked in the aisle with a pallet on its forks, failed to protect her from or warn her of such dangerous condition, and is therefore liable for her fall. Home Depot counters that while it is responsible for leaving the forklift in the aisle, it is ab-

solved from liability because the condition was open and obvious to a passerby. The intermediate appellate courts in New York have taken different tacks in deciding cases involving these two doctrines of premises liability. But none has addressed the narrow question presented in the case before us.

Under the case law in the Third Department, the landowner's general duty to maintain its premises in a reasonably safe condition encompasses "a duty to warn of potential dangerous conditions existing thereon." *Thornhill v. Toys "R" Us NY-TEX, Inc.*, 183 A.D.2d 1071, 1072, 583 N.Y.S.2d 644 (3d Dep't 1992). However, "the landowner owes no duty to warn of conditions that are in plain view, easily discoverable 'by those employing reasonable use of their senses.'" *Id.* In *Thornhill*, plaintiff tripped over a raised platform in the aisle of a toy store that was partially concealed by objects around it. The Third Department held that a jury should determine if the danger was open and obvious, "and, if not, whether defendant complied with its duty to warn." *Id.* at 1073, 583 N.Y.S.2d 644. Since *Thornhill*, that Department often has ruled that a threshold finding that a dangerous condition is open and obvious discharges any duty to warn, and precludes a finding of landowner liability. *See, e.g., Patrie v. Gorton*, 267 A.D.2d 582, 699 N.Y.S.2d 218, 219 (3d Dep't 1999) ("[a] landowner generally has no duty to correct or warn of a condition that is readily observable"); *Hopson v. Turf House, Inc.*, 252 A.D.2d 796, 797, 676 N.Y.S.2d 256 (3d Dep't 1998) ("no duty exists to prevent or warn of conditions that are readily observable 'by those employing the reasonable use of their senses'"); *Russell v. Archer Bldg. Ctrs., Inc.*, 219 A.D.2d 772, 773, 631 N.Y.S.2d 102 (3d Dep't 1995) (duty to maintain property in reasonably safe condition, like duty to warn, applies only to conditions not readily observable). *But see Stern v. Ofori–Okai*, 246 A.D.2d 807, 808, 668 N.Y.S.2d 68 (3d Dep't 1998)

("While perhaps relevant to the issues of notice and comparative negligence, the obviousness of [ice on a driveway] does not ordinarily preclude a finding of liability on the part of the property owner.").

Despite its general rule, the Third Department has held that a landowner did owe a duty to warn of or protect from obvious danger a person who was aware of an open hazard when the landowner had reason to expect the person would find it necessary to encounter the danger. *See Stern*, 246 A.D.2d at 808, 668 N.Y.S.2d 68 (affirming denial of summary judgment even though icy and uneven surface of driveway was apparent *and* defendants had warned plaintiff of slipperiness); *Comeau v. Wray*, 241 A.D.2d 602, 603, 659 N.Y.S.2d 347 (3d Dep't 1997) (holding property owner had duty to warn or protect a deliveryman who fell down stairs that were in poor repair, citing *Restatement (Second) of Torts* § 343A(1), cmt. f (1965)). Other New York State Appellate Divisions have a different rule for open and obvious dangers. In the Fourth Department, for example, the fact that a hazard is readily observable "may be relevant to the issue of plaintiff's comparative negligence, but it does not negate the duty of defendants to keep their premises reasonably safe." *Morgan v. Genrich*, 239 A.D.2d 919, 920, 659 N.Y.S.2d 638 (4th Dep't 1997); *accord Holl v. Holl*, 270 A.D.2d 864, 705 N.Y.S.2d 783, 784 (4th Dep't 2000). While the Fourth Department recognizes a duty to keep the premises reasonably safe, it imposes no duty on the landowner to warn a potential plaintiff of an open and obvious condition. *See Holl*, 705 N.Y.S.2d at 784; *Duclos v. County of Monroe*, 258 A.D.2d 925, 926, 685 N.Y.S.2d 549 (4th Dep't 1999). The First Department similarly has held that a plaintiff's standing on a chair—at defendants' suggestion—in a way that posed an open and obvious danger did "not negate [defendants'] duty to plaintiff but simply raise[d] issues of fact as to her comparative fault." *Tuttle v. Anne LeConey, Inc.*, 258 A.D.2d 334, 335, 685 N.Y.S.2d 204 (1st Dep't 1999).

From these cases it is apparent that whether the open and obvious nature of a hazard negates landowner duty or liability remains unsettled among appellate courts in New York. We must therefore consider other sources that would be available to the state's highest court in ruling on the question.

### C. Development of the "Open and Obvious" Doctrine

Traditionally, a landowner was not subject to liability to business visitors for dangerous conditions on the premises if the visitor knew of the condition and recognized the risk. *See Restatement of Torts* § 340 (1934). The "no duty" rule in cases of open and obvious risk likely derived as do many from the special place ownership of land held in English and American law because of the political power landowners enjoyed until early in the Twentieth Century. *See* Fowler V. Harper et al., 5 *The Law of Torts* § 27.1 at 131–32 (2d ed. 1986). The availability of the open and obvious doctrine as a complete and total defense to premises liability began to be widely criticized about 50 years ago. *See* Fleming James, Jr., *Tort Liability of Occupiers of Land: Duties Owed to Licensees and Invitees*, 63 Yale L.J. 605, 628 (1954); W. Page Keeton, *Personal Injuries Resulting From Open and Obvious Conditions*, 100 U. Pa. L. Rev. 629, 642 (1952). Several courts also rejected the harshness of the no duty rule under certain circumstances. *See, e.g., King Soopers, Inc. v. Mitchell*, 140 Colo. 119, 124–25, 342 P.2d 1006 (1959); *Johnson v. Brand Stores, Inc.*, 241 Minn. 388, 393–94, 63 N.W.2d 370 (1954); *Wardhaugh v. Weisfield's, Inc.*, 43 Wash.2d 865, 869–70, 264 P.2d 870 (1953); *see generally Restatement (Second) of Torts* § 343A app. (1965) (listing cases).

Thus, the Second Restatement of Torts, published in 1965, adopted a different view, relating the liability of landowners for harm caused by obvious dangers to the

foreseeability of that harm. The new § 343A, which replaced §§ 340 and 347 in the First Restatement, states that "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness."* *Restatement (Second) of Torts* § 343A(1) (emphasis added). A comment to this section notes that there are cases in which a possessor of land can and should anticipate harm from a dangerous condition notwithstanding its obvious nature, "for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious." *Id.* cmt. f.

Under the Second Restatement rule, a department store would be liable to a customer who tripped over a scale protruding into an aisle while the customer was intent on looking at the goods the store displayed to attract customers, although the scale would have been obvious to anyone who looked. *See id.* illus. 2. The New York Court of Appeals has relied in the past on the Second Restatement of Torts to clarify ambiguous points of tort law. *See, e.g., Di Ponzio v. Riordan,* 89 N.Y.2d 578, 584, 657 N.Y.S.2d 377, 679 N.E.2d 616 (1997).

A clear trend has developed in other jurisdictions rejecting the traditional rule that had provided a full defense to landowners subject to premises liability. *See Ward v. K Mart Corp.,* 136 Ill.2d 132, 150, 143 Ill.Dec. 288, 554 N.E.2d 223 (1990) (listing cases in 16 states that have moved away from the traditional rule and toward the standard expressed in § 343A(1)); *Callander v. Charleston Doughnut Corp.,* 305 S.C. 123, 125–26, 406 S.E.2d 361 (1991) (adopting § 343(A)); *Coln v. City of Savannah,* 966 S.W.2d 34, 40–43 & 41 n. 8 (Tenn.1998) (adopting § 343A and listing three jurisdictions that adopted the rule after *Ward* ). *But see General Motors Corp. v. Hill,* 752 So.2d 1186, 1187 (Ala. 1999) (per curiam) (" 'If the danger is open and obvious, the invitor cannot be held liable.' "); *O'Sullivan v. Shaw,* 431 Mass. 201, 204, 726 N.E.2d 951 (2000) (stating that a landowner's duty to protect against dangerous conditions ordinarily does not extend to dangers that are obvious).

The jurisdictions that have modified the traditional rule rely on the idea that even obvious dangers may create a foreseeable risk of harm and consequently give rise to a duty to protect or warn on the part of the landowner. *See, e.g., Ward,* 136 Ill.2d at 151–52, 156, 143 Ill.Dec. 288, 554 N.E.2d 223; *Coln,* 966 S.W.2d at 42, 44. As the Supreme Court of Tennessee noted, "[t]he principles stated in the Restatement (Second) of Torts, § 343A relate directly to foreseeability and facilitate consideration of the duty issue." *Coln,* 966 S.W.2d at 42. When a reasonable landowner might anticipate an unreasonable risk of harm to a visitor, therefore, a duty to protect from or warn of even obvious dangers may arise. *See* W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 61 at 427–28 (5th ed. 1984).

### D. *Analogous New York Law*

As noted, no New York Court of Appeals case considers the general applicability of the open and obvious doctrine to premises liability. There are, however, cases in which that court has expressed its opinion that participants in sporting and amusement activities consent to obvious hazards on the premises. *See Sykes v. County of Erie,* 94 N.Y.2d 912, 913, 707 N.Y.S.2d 374, 728 N.E.2d 973 (2000); *cf. Morgan v. State,* 90 N.Y.2d 471, 483–84, 662 N.Y.S.2d 421, 685 N.E.2d 202 (1997) (listing cases applying assumption of risk doctrine). The resulting relief from liability is "justified when a consenting participant is aware of the risks; has an appreciation of the nature of the risks; and voluntarily assumes the risks." *Morgan,* 90 N.Y.2d at 484, 662 N.Y.S.2d 421, 685 N.E.2d 202. Such cases turn on a lack of duty on the part of the landowner, due to

the assumption of risk by the athletes or players.

While assumption of risk is a viable defense in New York, these precedents and the doctrine are inapplicable to the case before us. The situation where an athlete, knowing and appreciating potential dangers, can be said to assume the risk of open and obvious dangers associated with the activity is an imperfect analogy to that of a shopper who is ignorant of obvious hazards because she is distracted by the very goods the store owner wishes her to look at. The Third Department has noted that the doctrine of primary assumption of risk as an absolute defense to liability is limited to plaintiffs who voluntarily participate and are injured in sporting or entertainment pursuits. *See Stirpe v. T.J. Maloney & Sons, Inc.*, 252 A.D.2d 871, 872, 675 N.Y.S.2d 709 (3d Dep't 1998) (holding doctrine inapplicable to case of employee who slipped and fell on ice outside the building where she worked).

More apt in New York Court of Appeals precedent is *Micallef v. Miehle Co.*, 39 N.Y.2d 376, 384 N.Y.S.2d 115, 348 N.E.2d 571 (1976), a products liability case in which the court abandoned the established rule that an open and obvious danger in a product absolved the manufacturer from a duty to protect a plaintiff from such a patent defect. In abolishing the patent defect doctrine as a bar to liability, the court adopted a rule strikingly similar to the premises liability rule it would adopt two months later in *Basso*, reasonable care given the surrounding circumstances. *See id.* at 386, 384 N.Y.S.2d 115, 348 N.E.2d 571. It held that a manufacturer, because of its superior ability to recognize and cure defects, is obligated to exercise the degree of care required "to avoid any unreasonable risk of harm to anyone who is likely to be exposed to the danger," notwithstanding the patent nature of the defect. *Id.* at 385, 384 N.Y.S.2d 115, 348 N.E.2d 571.

By a parity of reasoning, where a property owner, in a superior position to foresee harm that might result to a business visitor it attracts to its property, distracts the visitor from obvious dangers on the property, it should be viewed as is a manufacturer that is in a better position to know of and cure patent defects—a party now no longer free from liability under New York law solely because the danger of its product was obvious.

Because the inquiry under the open and obvious danger doctrine ends at a threshold determination that the condition is open and obvious, its application to preclude any duty or liability on the property owner is inconsistent with the essence of the New York rule of premises liability that requires reasonable care in view of all the circumstances. *See Basso*, 40 N.Y.2d at 241, 386 N.Y.S.2d 564, 352 N.E.2d 868. The New York Court of Appeals has expressed its "inclination to correlate the duty of care owed plaintiff with the risk of harm reasonably to be perceived ... and concurrently consider the question of foreseeability." *Id.* We see nothing in state policy or precedent that would lead the New York Court of Appeals to run counter to the modern trend away from the traditional open and obvious doctrine in cases involving premises liability. Indeed, its abandonment of duty of care distinctions for premises liability, *see id.*, and its abrogation of the patent defects rule for products liability suggest that New York's highest court would readily embrace this modern trend.

Under the circumstances of this case a duty to protect or warn the customer could arise on two different theories. One would be that customers would not expect to find the dangerous condition where it is. This is particularly true for customers in a store who generally expect aisles open to them to be free from obstructions. On this theory, even a clearly visible condition may be unreasonably dangerous to the customer because she is not likely to anticipate its presence and hence not actually observe it. *See Tort Liability of Occupiers of Land, supra*, at 625 & n. 118 (collecting cases). On the second theory, defendant's displays

of merchandise—particularly the displays above eye-level—would foreseeably distract the plaintiff to such an extent that she could not reasonably have been expected to observe the condition. The open and obvious nature of the condition does not necessarily negate defendant's duty, but as some departments of the Appellate Division have recognized, the nature of such conditions would be a factor appropriately considered in the apportioning of comparative negligence when awarding damages. *See Tuttle,* 258 A.D.2d at 335, 685 N.Y.S.2d 204; *Morgan,* 239 A.D.2d at 920, 659 N.Y.S.2d 638.

As a consequence, we think the New York Court of Appeals would adopt the reasoning of Restatement (Second) of Torts § 343A and the majority of other jurisdictions, which hold that the open and obvious nature of a dangerous condition on its property does not relieve a landowner from a duty of care where harm from an open and obvious hazard is readily foreseeable by the landowner and the landowner has reason to know that the visitor might not expect or be distracted from observing the hazard.

## II Issues of Fact Precluding Summary Judgment

█ In view of our determination as to the scope of the duty owed by Home Depot to plaintiff under New York law, the case must be remanded for further proceedings. Once the nature of a duty has been established, "whether a particular defendant owes a duty to a particular plaintiff is a question of fact." *Kimmell v. Schaefer,* 89 N.Y.2d 257, 263, 652 N.Y.S.2d 715, 675 N.E.2d 450 (1996).

█ Several questions remain to be resolved, including whether the pallet over which Michalski tripped was in fact a hazard and whether it was an open and obvious condition. If the jury were to answer these questions in the affirmative, it must also decide whether Home Depot breached its duty of care to Michalski and if she, too, was partly at fault under principles of comparative negligence. Whether a hazardous condition exists on a landowner's property " 'depends on the peculiar facts and circumstances of each case' and is generally a question of fact for the jury." *Trincere v. County of Suffolk,* 90 N.Y.2d 976, 977, 665 N.Y.S.2d 615, 688 N.E.2d 489 (1997). The same is true with respect to whether a hazard is open and obvious. *See Thornhill,* 183 A.D.2d at 1073, 583 N.Y.S.2d 644 (remanding for jury determination whether the danger posed by the raised platform was open and obvious); *cf. Liriano v. Hobart Corp.,* 92 N.Y.2d 232, 242, 677 N.Y.S.2d 764, 700 N.E.2d 303 (1998) (in the products liability context, due to "the factual nature of the inquiry, whether a danger is open and obvious is most often a jury question"). Similarly, whether the resultant harm was foreseeable to Home Depot is a question of fact for the jury. *See Palka v. Servicemaster Management Servs. Corp.,* 83 N.Y.2d 579, 585, 611 N.Y.S.2d 817, 634 N.E.2d 189 (1994).

The district court found plaintiff had raised no question of material fact as to whether the *forklift* was readily observable, concluding that "the presence of the forklift was an open and obvious condition." We think there are ample facts in the record to allow a reasonable jury to find that the *pallet* over which Michalski tripped was a hazardous condition, that it was not an open and obvious condition or, even if it were, Home Depot still breached its duty to protect or warn Michalski. Plaintiff's complaint alleged that the *pallet*—and not the forklift—was left on the floor in such a manner as to create a dangerous and hazardous condition. On review of summary judgment against her, she is entitled to have this ambiguity resolved in her favor.

As in *Thornhill,* the condition might have been hazardous in part because it was not visible to the plaintiff. *See* 183 A.D.2d at 1073, 583 N.Y.S.2d 644 (noting among other pieces of evidence regarding the nature of the danger that the presence

of a raised platform was not as clearly discernible from the rear as from the front due to the presence of display racks in the aisle). Michalski could see the back of the forklift as she passed it, but the forks holding the pallet may have been shielded from her view as she entered the aisle. The uncontested facts in this case, namely the width of the forklift (five to six feet) and the pallet (four feet) support this inference. So does defendant's own photograph which shows the same forklift parked in the aisle in which plaintiff fell, and in which the pallet cannot be seen by a person standing behind the body of the forklift. The facts that the pallet was only four inches high and extended four feet into an aisle in a store which displays much of its merchandise above eye-level could also support a reasonable finding that the pallet sitting on the forklift's forks created a hazardous condition.

The district court's analysis of the open and obvious nature of the obstruction focused solely on the fact that the forklift was readily observable because of its size, apparently assuming that if the forklift were obvious, so too would be the pallet. This was an improper conclusion to draw as a matter of law on the facts of this case because the pallet is not part of the forklift, although it was sitting on its forks, and because it was this object over which plaintiff tripped, not the forklift itself.

A jury could also conclude that the average shopper in a retail store might not be familiar with forklift trucks, and therefore not recognize the machine from the back as a forklift, let alone anticipate or expect a pallet to be present at floor level. From that reasoning and the fact that the hazard was well below eye-level and only four inches high the jury might find that it was not obvious in a store that draws the shopper's gaze up towards the 20–foot high shelves stacked with merchandise. Even if the pallet were deemed an obvious hazard, a reasonable jury could still determine that Home Depot breached its duty to protect or warn Michalski of foreseeable harm to which she might be exposed as a visitor not expecting to encounter pallets on the floor or distracted by the merchandise for sale in the store. For these reasons, a grant of summary judgment to Home Depot was inappropriate.

## CONCLUSION

Accordingly, the grant of summary judgment is reversed and the case remanded to the district court for further proceedings on the merits of plaintiff's claim consistent with this opinion.