Cona TAGLIAVIA and Jack Tagliavia, Plaintiffs–Appellants,

v.

TRUMP CASTLE ASSOCIATES, d/b/a Trump Marina Hotel and Casino and Marina Club, Defendants–Appellees.

No. 00–7968.

United States Court of Appeals, Second Circuit.

March 23, 2001.

Stephen C. Glasser, Sullivan, Papain Block McGrath & Cannavo P.C., New York, NY; Vito A. Cannavo, Thomas J. Deas, of counsel, for appellants.

Robert Faller, Gallagher Gosseen Faller Kaplan & Crowley, Garden City, NY, for appellees.

Present McLAUGHLIN, and SOTOMAYOR, Circuit Judges, and BERTELSMAN, District Judge.*

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Eastern District of New York (Charles P. Sifton, *Judge*), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is VACATED AND REMANDED.

Appeal from a grant of summary judgment for defendants and dismissal of the complaint. We vacate the judgment and remand in light of *Michalski v. Home Depot, Inc.*, 225 F.3d 113 (2d Cir.2000).

Plaintiff-appellant Cona Tagliavia ("Tagliavia") went to have lunch with her husband and daughter at a buffet-style restaurant owned and operated by defendant-appellee Trump Castle Associates ("Trump"). Tagliavia claims that on the way back from the buffet table, while holding a tray of food in front of her, she tripped over a walker in the aisle positioned alongside another patron's booth. She fell, sustaining significant injuries. Immediately preceding her fall, Tagliavia's daughter had waived to Tagliavia and Tagliavia had turned her head to look in the direction of her daughter. Even without this distraction, however, Tagliavia claimed that she "couldn't see down" to the walker on which she tripped because of the tray she held in front of her. An employee of the restaurant stated that it was the standard practice of the restaurant to remove obstacles such as walkers from the aisles "[s]o that people didn't trip over them," and that employees were to remove any such obstacle "as soon as [they] saw it." Tagliavia claimed that she had not seen the walker on the way to the buffet table.

---

* The Hon. William O. Bertelsman, of the United States District Court for the Eastern District of Kentucky, sitting by designation.

Tagliavia's daughter stated that while an employee from the restaurant was showing the family to their table, she noticed a walker in the aisle in which Tagliavia later fell.

The district court granted summary judgment for defendants and dismissed the complaint finding that "the obstruction over which Mrs. Tagliavia allegedly tripped was open and obvious" and was "readily observable to Mrs. Tagliavia through the reasonable use of her senses." The district court rejected Tagliavia's theory that the "obviousness" of an obstacle could depend on the likelihood that the object would be found in the setting it was encountered, finding no support for this theory in the relevant case law.

Both parties and the district court agreed to apply New York law.[1] After judgment was entered, this Court issued its decision in *Michalski v. Home Depot, Inc.*, 225 F.3d 113 (2d Cir.2000), concluding that, were the New York Court of Appeals presented with the question, it would "readily embrace" the modern trend away from the traditional open and obvious doctrine. *Id.* at 120. This Court went on to find that

> [a]s a consequence, we think the New York Court of Appeals would adopt the reasoning of Restatement (Second) of Torts § 343A and the majority of other jurisdictions, which hold that the open and obvious nature of a dangerous condition on its property does not relieve a landowner from the duty of care where harm from an open and obvious hazard is readily foreseeable by the landowner and the landowner has reason to know that the visitor might not expect or be distracted from observing the hazard. *Id.* at 121.

This Court in *Michalski* then outlined two examples of when the owner of a premises

may have a duty "to protect or warn the customer," noting the case in which "customers would not expect to find the dangerous condition where it is," and the case in which the configuration of the premises "would foreseeably distract the plaintiff to such an extent that she could not reasonably have been expected to observe the condition." *Id.* at 120–21.

We review the district court's grant of summary judgment *de novo*, drawing all inferences and resolving all ambiguities in favor of the non-movant. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 332 (2d Cir.2000). In this case, Tagliavia presented evidence from which a factfinder could reasonably conclude that patrons would not expect that their path from the buffet table to their seats would be blocked by an obstacle such as a walker, that the attention of patrons returning from the buffet would have been distracted from observing whatever obstacles lay in their path, and that employees of the restaurant were on notice that a walker was obstructing the aisle, at least from the time that Tagliavia was shown to her table. These matters present genuine issues of material fact to be resolved by the jury. *See* Fed. R.Civ.P. 56(c).

We recognize that the district court did not have the benefit of our decision in *Michalski* when it decided defendants' motion for summary judgment and, accordingly, remand for trial on the basis of New York law as more recently clarified by this Court.

The judgment of the district court is hereby VACATED and the case is RE-MANDED.

---

**1.** At oral argument, the parties reaffirmed    their position that New York law applied.