Joseph MURGO, Plaintiff

v.

HOME DEPOT USA, INC., Defendant.

No. CIV.A. 00–40040–NMG.

United States District Court,
D. Massachusetts.

March 20, 2002.

Lloyd S. French, Framingham, MA, for Plaintiff.

Christopher A Callanan, Campbell, Campbell, Edwards & Conroy, James M. Campbell, Campbell, Campbell, Edwards & Conroy, Professional Corporation, Boston, MA, for Defendant.

## MEMORANDUM & ORDER

GORTON, District Judge.

Plaintiff Joseph Murgo ("Murgo") brought this action in Worcester Superior Court against Home Depot USA, Inc. ("Home Depot") for injuries he sustained while shopping at a Home Depot store in Bellingham, Massachusetts. Murgo contends that Home Depot breached its duty of care to him by failing to keep its premises free from hazardous conditions.

Pursuant to 28 U.S.C. §§ 1441 and 1446, Home Depot removed the case to this Court based upon diversity of citizenship. Murgo is a Massachusetts resident and Home Depot is a Delaware corporation with its principal place of business in Georgia.

Home Depot has filed, pursuant to Fed. R.Civ.P. 56(c), a motion for summary judgment on the ground that Murgo has failed to present, as a matter of law, sufficient evidence that it was negligent. Murgo responds in opposition to that motion that summary judgment is not appropriate because factual issues remain in dispute.

### I. *Legal Standard*

Summary judgment is proper when the pleadings, admissions, depositions, affidavits and answers filed in the case "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of

material fact exists when a rational fact-finder could resolve the issue in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir.1993).

## II. *Factual Background*

Home Depot, a large retailer of home improvement items, sells products ranging from lumber to bathroom tiles in a warehouse setting. As part of its "hands-on" retail concept, Home Depot's standard practice is to leave equipment for reaching and moving goods to the side of the aisles where customers shop. *Michalski v. Home Depot, Inc.*, 225 F.3d 113 (2nd Cir. 2000). In the instant suit, a pallet jack in the aisle in the Bellingham store purportedly led to plaintiff's injury.

On February 27, 1997, Murgo went to Home Depot to purchase ceramic tiles. It is undisputed that when he first entered the tile aisle of the floor and wall department, he noticed a Home Depot employee approximately 20 feet from him working with a pallet jack. Several minutes later, Murgo, engrossed in the product display, took one step backward and tripped over a pallet jack left unattended in the center of the aisle. The allegedly unlocked jack spun and Murgo fell onto the floor. The time lapse between the plaintiff's entrance into the ceramic tile area and his fall was alleged to be less than five minutes.

At the time of Murgo's fall, two Home Depot employees were in the vicinity and quickly moved to the scene of the accident. They purportedly moved the jack from the center of the aisle to another location out of harm's way. Although Murgo asserts that the jack he tripped over was the same

jack he had noticed earlier, it is uncontroverted that neither party knows definitely whether a customer or an employee left the jack in the center of the aisle.

As a result of the accident, Murgo contends that he suffered a ruptured disc and a closed head injury. He brings the present lawsuit to recover for those injuries.

## III. *Discussion*

### A. Negligence

It is axiomatic that, in a negligence action, a plaintiff must offer proof of several factors to prevail: 1) a legal duty owed by defendant to plaintiff, 2) a breach of that duty, 3) proximate causation and 4) a genuine injury. *Jorgensen v. Massachusetts Port Auth.*, 905 F.2d 515, 522 (1st Cir. 1990). The defendant does not dispute that Murgo suffered an actual injury.

#### 1. A Landowner's Duty of Reasonable Care

Under Massachusetts law, a landowner must exercise due care to keep its premises in a "reasonably safe condition in view of all the circumstances, including the likelihood of injuries to others, the seriousness of the injury, and the burden of avoiding the risk." *Mounsey v. Ellard*, 363 Mass. 693, 708, 297 N.E.2d 43 (1973) (internal quotations omitted) (quoting *Smith v. Arbaugh's Restaurant Inc.*, 469 F.2d 97, 100 (D.C.Cir.1972)). The existence of a duty of care is a question of law appropriately resolved by the court. *Yakubowicz v. Paramount Pictures Corp.*, 404 Mass. 624, 629, 536 N.E.2d 1067 (1989).

As an initial matter, Home Depot argues that Murgo has not demonstrated that it breached its duty of care to him because he has not shown that it failed to maintain its business premises in a safe manner or, alternatively, that it had notice

of the pallet jack. The crux of Home Depot's defense is that Murgo has not established that the jack was in the aisle for such a length of time as to give rise to an inference of negligence. *Oliveri v. Mass. Bay Transp. Auth.*, 363 Mass. 165, 167, 292 N.E.2d 863 (1973).

Although neither party can say with certainty how long the jack remained in the center of the aisle, there is record evidence that at least two of defendant's employees were in close proximity to the jack at the time of the accident. That permits an inference, for the purposes of this motion, that the employees may have had a reasonable opportunity to discover the location of the jack. *Foley v. F.W. Woolworth*, 293 Mass. 232, 234, 199 N.E. 739 (1936); *Repkie v. Wal–Mart*, 1998 WL 787553, *2 (Mass.1998).

### 2. Proximate Cause

Home Depot contends that Murgo has presented no evidence other than his testimony that it or one its employees caused his injuries. In effect, Home Depot asserts that Murgo has proved neither that his injury was foreseeable nor that the defendant's acts or omissions were the "but for" cause of the accident.

■ It is well settled that a plaintiff need not explain the cause of the accident "as long as [he] show[s] a greater likelihood that [his] injuries came from an act of negligence for which the defendant was responsible." *Purdy v. R.A. McWhirr Co.*, 350 Mass. 769, 769, 215 N.E.2d 92 (1966). Specifically, in the instant case, there are grounds to believe that even if Home Depot or one of its employees did not actually leave the jack in the aisle, it was nonetheless responsible for its presence there. The present case is outside the ambit of the "slip and fall" cases relied upon by Home Depot because its "hands-on" warehouse retail concept conceivably created distinct hazards with respect to which Home Depot had a duty to exercise reasonable care.

■ The causal nexus between the plaintiff's injury and the defendant's acts need not be as direct as in an ordinary premises liability cause of action. Indeed, given that Home Depot's retail concept included keeping equipment in the aisles, the defendant or its employees presumably had a specific duty to ensure that the equipment did not pose a hazard to its customers. *Repkie*, 1998 WL 787553 at *2 (finding that store owner had a duty "to be certain that the [store] demonstration[s] posed no risk of harm to its customers."). In the instant case, a pallet jack in the center of a shopping aisle is a potential hazard about which Home Depot had a duty to warn or protect customers.

### 3. Open and Obvious Dangers

■ Finally, this Court must consider whether the open and obvious nature of the danger at issue vitiates the plaintiff's cause of action. Under Massachusetts law, a landowner is not liable to his invitees for injuries caused by open and obvious dangers "unless [the landowner] should anticipate the harm despite such knowledge and obviousness." Restatement (Second) of Torts § 343A (1965). A pallet jack in the center of the aisle is clearly a manifest hazard but whether it is open and obvious, as a matter of law, requires a more subtle analysis.

■ A danger is open and obvious if a reasonable man "exercising ordinary perception, intelligence, and judgment" would recognize the danger. *Gallant v. Indian Ranch, Inc.*, 2001 WL 1712502, *2 (Mass.2001) (citing Restatement (Second) of Torts § 343A at Comment b) (internal quotation marks omitted). Notwithstanding the assumed open and obvious charac-

ter of a hazard, the defendant is liable for the plaintiff's injuries if his injuries were foreseeable. Factors that bear upon the determination of forseeability in cases involving open and obvious dangers include whether 1) the hazard was in an unexpected place, 2) the presence of distracting store displays and 3) the knowledge of the landowner and the invitee of the potential hazard. *Michalski*, 225 F.3d at 120–21; *Beausoleil v. Massachusetts Bay Transp. Authority*, 138 F.Supp.2d 189, 206–207 (D.Mass.2001) (imputing knowledge to the plaintiff if the open and obvious hazardous condition is static); *Rainka v. Shing*, 2000 WL 869453, *5 (Mass.2000) ("Knowledge of the condition is a predicate to what is open and obvious.").

 In other words, a landowner ought to foresee the harm from an open and obvious condition if the landowner can and should anticipate that an invitee's attention may be distracted. Restatement (Second) of Torts § 343A, Comment F. *Michalski*, 225 F.3d at 121–22. A landowner, for example, should anticipate that, in some circumstances, store displays will distract customers and potentially prevent them from discovering even conspicuous dangers. *Id.* at Illustration 2. *Coates v. First Nat. Stores*, 322 Mass. 563, 565, 78 N.E.2d 501 (1948); *Beausoleil*, 138 F.Supp.2d at 206–7.

The determination of whether a danger is open and obvious cannot be made with mathematical precision. In the present case, a material issue of fact exists as to whether the pallet jack in the center of the aisle was an open and obvious danger. A jury could conclude that for an average shopper, such as Murgo, readily distracted by the tile display or not expecting to encounter equipment in the middle of an aisle, the jack was not an open and obvious condition. Accordingly, summary judgment is inappropriate.

### IV. *Conclusion*

Negligence cases are often entangled with questions of fact appropriately resolved by the jury. In the present case, several issues of material fact persist, including the fundamental question of whether there was a hazardous condition in the first instance. Accordingly, defendant's motion for summary judgment be will be DENIED.

### ORDER

For the reasons stated in the Memorandum above, the motion of defendant Home Depot USA, Inc. for summary judgment (Docket No. 15) is **DENIED.**

**So ordered.**