*In re: Ridgemour Meyer Properties*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand twenty.

PRESENT:
>    RALPH K. WINTER
>    PETER W. HALL,
>        *Circuit Judges.*
>    DENISE COTE
>        *Judge.*[*]

---

IN RE: RIDGEMOUR MEYER PROPERTIES, LLC, A LIMITED LIABILITY COMPANY,

> *Debtor,*

RIDGEMOUR MEYER PROPERTIES, LLC, A LIMITED LIABILITY COMPANY,

> *Debtor-Appellant*

>        v.                                          19-0792

GOETZ FITZPATRICK LLP,

> *Appellee.*

---

[*] Judge Denise Cote, of the Southern District of New York, sitting by designation.

Appearing for *Debtor-Appellant*:     JOSEPH T. ANDRAGNA, Huntington, NY.

Appearing for *Appellee*:     SCOTT D. SIMON, New York, NY (Gary M. Kushner, New York, NY *on the brief*),

Appeal from a judgment of the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on June 12, 2018, is **AFFIRMED**.

Debtor-Appellant Ridgemour Meyer Properties, LLC (RMP), appeals from a decision and judgment of the United States District Court affirming a decision and final order of the Bankruptcy Court granting judgment to Appellee Goetz Fitzpatrick LLP (GF) for attorney fees in the amount of $259,606.71. The district court held that GF was entitled to fees accumulated before the two parties became *in pari delicto*. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We independently assess the factual findings and legal conclusions of the bankruptcy court, reviewing the court's factual findings for clear error and its legal conclusions de novo. *In re Smith*, 507 F.3d 64, 71 (2d Cir. 2007). "Absent law from a state's highest court," a federal court interpreting state law must "predict how the state court would resolve an ambiguity in state law." *Michalski v. Home Depot, Inc.*, 225 F.3d 113, 116 (2d Cir. 2000); *see also In re Coudert Bros. LLP*, 673 F.3d 180, 187-88 (2d Cir. 2012) (noting

2

that bankruptcy courts must also follow state law). "In determining how the Court of Appeals would rule on this legal question, the decisions of New York State's Appellate Division are helpful indicators." *Michalski*, 225 F.3d at 116. Debtor-Appellant argues that they should not be required to pay Appellee any portion of their legal fees because the two were found to be *in pari delicto* during this long and drawn out litigation. They also argue that GF should be estopped from recovering due to a prior position taken in New York State court.

*In pari delicto*, meaning of equal fault, is a doctrine which reflects the principle that a plaintiff who has participated in wrongdoing equally with another entity may not recover damages that are the result of the wrongdoing from their equal participant. *Republic of Iraq v. ABB AG*, 768 F.3d 145, 160 (2d Cir. 2014). The doctrine of *in pari delicto* has long been recognized under New York law, *Kirschner v. KPMG LLP*, 15 N.Y.3d 446, 464 (2010), which both sides agree applies to part of the time period here. "[T]he principle that a wrongdoer should not profit from his own misconduct is so strong in New York that [the New York State Court of Appeals ha[s] said the defense applies even in difficult cases and should not be 'weakened by exceptions.'" *Id.* (citing *McConnell v. Commonwealth Pictures Corp.*, 7 N.Y.2d 465, 470 (1960)). The district court, however, highlighted what it called a "limit[ ]" of *McConnell* and an exception to *in pari delicto*. SPA135, 137. In *McConnell*, the New York State Court of Appeals explained that "[i]t is not every minor wrongdoing in the course of contract performance that will insulate the

3

other party from liability for work done or goods furnished. There must be at least a direct connection between the legal transaction and the obligation sued upon." *McConnell*, 7 N.Y.2d at 471. "Connection is a matter of degree[,]" the court continued, and "[s]ome illegalities are merely incidental to the contract sued on." *Id.*

New York State courts and courts within our circuit have applied exceptions to *in pari delicto* narrowly. *See Kirschner*, 15 N.Y.3d at 464; *In re Bernard L. Madoff Inv. Secs. LLC*, 721 F.3d 54, 64 (2d Cir. 2013); *In re Lehr Constr. Corp.*, 551 B.R. 732, 743 (S.D.N.Y. 2016). Debtor-Appellants argue it was inappropriate for the court to "create an exception" to *in pari delicto*. Yet an "exception" is only triggered in a scenario where *in pari delicto* applies. When the agreement between parties is lawful on its face and the wrongful action is "wholly collateral to and independent of the contract's performance," *in pari delicto* does not apply. *Hilgendorff v. Hilgendorff*, 241 A.D.2d 481, 600 N.Y.S.2d 150, 151 (2d Dep't 1997).

Here, the parties were found to be *in pari delicto* as of July 21, 2008.[1] Ultimately, the bankruptcy court found (and the district court agreed) that because "a substantial portion of the legal services provided by GF neither contemplated nor abetted the misconduct identified by the Bankruptcy Court," allowing GF to recover partially would not "violate the policy objectives identified by the New York Court of Appeals."

---

[1] We recognize that RMP now contends that the date determined by the district court was incorrect, and that June 18, 2008 is the date when GF's wrongdoing began. Before the Bankruptcy Court, RMP argued that July 21, 2008 was the correct date. We find no clear error in the Bankruptcy Court's thorough analysis and factual findings.

4

SPA138.  We agree.  The retainer agreement between the parties "contemplated accretive conduct by GF over an extended period of time, rather than a single instance of conduct."  SPA137; *see also* Bankruptcy Petition No. 08-13153, Doc. No. 404, Ex. 7. The illegality in this instance was not central to or a dominant part of GF's whole course of conduct; GF had been negotiating with Ginsburg Development Companies, LLC (GDC) on behalf of RMP for some time without participating in any wrongdoing, and both parties viewed the representation as part of an ongoing relationship.

The retainer stated that RMP retained GF to represent RMP in connection with the arbitration with GDC and a related state court action brought by RMP against GDC and its principal, as well as any other matter RMP asked GF to handle.  The retainer also stated that Carbone, the GF partner, was in charge of the matter and billed at the hourly rate of $425.00, but GF could assign other attorneys and paralegals to work on the matter based on cost, efficiency, expertise or unavailability.  GF also reserved the right to change its hourly rate, which then would apply to subsequent work.  In a circumstance such as this, where the contract both can be performed on a rolling basis,[2] and clearly contemplates work outside of the arbitration which led to the wrongdoing, *in pari delicto* cannot taint the entire scope of the parties' relationship.  The legal fees

---

[2] Once the hours were billed by GF, the contract was "complete" in the sense that RMP then owed GF for that time.  The Retainer Agreement was not dependent on any particular disposition of the arbitration, and RMP in theory could have decided to change legal representation at any time, which would not have relieved its obligations to GF.  *See Matter of Cooperman*, 83 N.Y.2d 465, 473 (1994).

accrued by GF before the wrongdoing in which it participated therefore do not have a sufficient connection to the wrongdoing tied to the obligation sued upon to bar recovery of those fees. *Cf. McConnell*, 7 N.Y.2d at 471. On the other hand, those fees accrued after the wrongdoing had begun have a direct connection, and therefore recovery for those fees was correctly prohibited by the *in pari delicto* doctrine. *See id*.

RMP also claims that GF admitted to its own wrongdoing in the New York State Court malpractice action and so is barred from pursuing legal fees. In New York, "a party who assumes a certain position in a prior legal proceeding and secures a favorable judgement therein is precluded from assuming a contrary position in another action simply because his or her interests have changed." *Brooke S.B. v. Elizabeth A.C.C.*, 28 N.Y.3d 1, 17 (2016) (internal quotation marks omitted). To determine whether a party has assumed a particular position, we should look to whether a party's later position is clearly inconsistent with its early position; whether the party's argument on that issue has been successful; and whether the party seeking to assert an inconsistent position would receive an unfair advantage if not prevented from doing so. *Zedner v. United States*, 547 U.S. 489, 504 (2006).

In the underlying New York State action, GF did not expressly argue that the parties were *in pari delicto*, it simply argued that *assuming* RMPs claims of misconduct were true, *in pari delicto* applied. Further, the state court's decision that the parties were *in pari delicto* for purposes of the malpractice action and GF's current claim for legal fees

6

are not co-extensive because (a) the malpractice action was concentrated in time and scope specifically to the period beginning with GF's alleged wrongdoing; and (b) the bankruptcy court did not permit GF to pursue fees accrued after the wrongdoing at issue in the malpractice suit had begun.

We have considered Debtor-Appellants remaining arguments and find them to be without merit.   The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court