349 So.2d 728 (1977)
CINCINNATI INSURANCE COMPANY and Robert Zielke, As Personal Representative of the Estate of Judith Louise Zielke, Deceased, Appellants,
v.
Paul J. SCHNEIDER, Jr., As Personal Representative of the Estate of Irma R. Schneider, Deceased, Appellee.
No. 77-419.
District Court of Appeal of Florida, Fourth District.
August 23, 1977.
*729 Nancy Little Hoffmann of Druck, Grimmett, Norman, Weaver & Scherer, Fort Lauderdale, for appellants.
Carey M. Fischer of Ferrero, Middlebrooks & Houston, Fort Lauderdale, for appellee.
ALDERMAN, Judge.
This is an interlocutory appeal by the defendants in a wrongful death action, seeking review of a partial summary judgment in favor of the plaintiff on the issue of liability. The defendants raised the affirmative defenses of contributory negligence and assumption of the risk, which, since Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), and Blackburn v. Dorta, 348 So.2d 287 (Fla., opinion filed May 5, 1977), no longer completely bar recovery, but may prevent a plaintiff from recovering that proportion of his damages for which he is responsible. In entering the partial summary judgment, the trial court left only the amount of damages for the determination of the jury. We reverse.
Factually it appears that Mrs. Schneider and Mrs. Zielke were killed in an automobile accident while riding together. Mrs. Schneider was the passenger and Mrs. Zielke was the driver. Mrs. Schneider's husband owned the car; he instituted the suit for wrongful death against Mrs. Zielke's estate. The two women had attended a luncheon fashion show at a restaurant and had remained there until late afternoon. There is evidence that both ladies drank alcoholic beverages while they were at the restaurant. The parking attendant felt that Mrs. Schneider was in no condition to drive and refused to turn her car over to her. She asked Mrs. Zielke to drive for her, which Mrs. Zielke did. The car left the road near the foot of a bridge, plunged into water, and both women died.
The law does not favor summary judgments in negligence cases, particularly where defenses of contributory negligence or assumption of the risk are involved, and any doubt should be resolved in favor of a jury trial. Bess v. 17545 Collins Avenue, Inc., 98 So.2d 490 (Fla. 1957). It is for a jury to determine not only "what happened" in a particular case, but also to choose among the different inferences which may be drawn from the same set of facts, and to decide whether the precise circumstances fit certain legal definitions, which in turn give rise to certain legal consequences. Reasonable men might differ as to the inferences which may be drawn from the facts now before us, and they might disagree as to whether those facts and inferences fit the legal definitions of assumption of the risk and contributory negligence. Accordingly, we reverse the *730 order granting partial summary judgment on the issue of liability and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
DOWNEY and DAUKSCH, JJ., concur.