PER CURIAM.
The appellant, Dorothy Bowes, seeks to reverse a summary judgment granted to the appellee, Lerner Shops. The facts are not in dispute. Mrs. Bowes, then age 54, was shopping in the appellee’s store on January 26,1978. She entered a dressing room in the store to try on a pantsuit. The dressing rooms all lacked chairs or other means of support to aid customers while they were trying on clothes. In trying to remove the pants while standing, Mrs. Bowes lost her balance and fell, as a result of which she broke her hip. She filed suit alleging, in essence, that Lerner Shops was negligent in failing to provide her with a safe place to change clothes, more specifically claiming that the store’s failure to provide her with a chair or some other means of support was a breach of that duty and the cause of her fall. The store asserted that it was free of negligence and that the accident was caused solely by her own negligence. The trial court agreed.
In Burmeister v. American Motorists Insurance Co., 403 So.2d 541, 542 (Fla. 4th DCA 1981), this court said: “It is well accepted that a storekeeper must exercise ordinary or reasonable care to see that those portions of the premises which persons may be expected to use are reasonably safe.”[1] We also held in Cincinnati Insurance Co. v. Schneider, 349 So.2d 728, 729 (Fla. 4th DCA 1977): “The law does not favor summary judgments in negligence cases, particularly where defenses of contributory negligence or assumption of the risk are involved, and any doubt should be resolved in favor of a jury trial. Bess v. 17545 Collins Avenue, Inc., 98 So.2d 490 (Fla.1957).”
Both of our previous decisions are applicable to this case. Whether the appel-lee store’s failure to provide its fitting room with a chair, bench, handrail, or other means of support for its customers constituted negligence proximately causing Mrs. Bowes to fall was a question for the jury. Similarly, whether and to what extent Mrs. Bowes was negligent in attempting to *1043 change her clothes while standing, without support, is equally for the jury to decide.[2]
REVERSED AND REMANDED.
ANSTEAD and GLICKSTEIN, JJ., concur.
BERANEK, J., concurs in conclusion only.

. See also Post v. Lunney, 261 So.2d 146 (Fla.1972), and the decisions of our sister courts in Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980), and Zambito v. Southland Recreation Enterprises, Inc., 383 So.2d 989 (Fla. 2d DCA 1980), all of which hold that in addition to the foregoing duty, the owner or occupier of land must also give timely notice of latent or concealed perils which are known or should be *1043 known to him but which are unknown to the invitee. This second duty is not relevant here.

. The record reflects that appellants’ counsel did not attend the hearing upon appellee’s motion for summary judgment but filed a memorandum in opposition to the motion. At the hearing, appellee relied upon the affidavit of the city building official which recited that neither the building code of the City of West Palm Beach nor the Southern Standard Building Code required that a chair, bench, handrailing or other means of support be available in a fitting room. While that fact could be argued, it certainly does not absolve the storekeeper, in this case a store recognized all over the country, of the responsibility of determining whether the fitting room was reasonably safe for its customers. Legislative bodies adopting building codes cannot be expected to be expert in the development of precautions for the safety of every industry’s invitees, especially when corporate officers and directors are paid by stockholders to do just that.