██ LYNNE RUBIN, Appellant, v REALITY FASHIONS, LTD., Respondent. [645 NYS2d 182] —Order and judgment unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint. The court determined that plaintiff failed to establish

both that defendant clothing store had a duty to provide seating in its dressing room and that the lack of seating was a proximate cause of plaintiff's injury. As a landowner, defendant owed a duty to plaintiff to act as a reasonable person in maintaining its property in a reasonably safe condition in view of all the circumstances (*see, Basso v Miller*, 40 NY2d 233, 241). Plaintiff submitted an affidavit from a designer of retail clothing stores, who averred that it was dangerous and contrary to safe management to fail to have benches, chairs or stools in dressing room areas. "Even where the relevant facts are uncontested, summary judgment is rarely appropriate in negligence cases, inasmuch as the issue of whether the defendant * * * acted reasonably under the circumstances can rarely be resolved as a matter of law" (*Davis v Federated Dept. Stores*, 227 AD2d 514, 515). Whether defendant was negligent in failing to provide seating and whether any such negligence was a proximate cause of plaintiff's injuries are questions that must be left to the trier of fact (*see, Bowes v Lerner Shops Intl.*, 422 So 2d 1041, 1042 [Fla App]). (Appeal from Order and Judgment of Supreme Court, Queens County, Milano, J.—Summary Judgment.) Present—Green, J. P., Lawton, Wesley, Doerr and Boehm, JJ.