■ SUZANNE VEREERSTRAETEN et al., Appellants, v KATHLEEN COOK et al., Respondents. [697 NYS2d 421] —Order unanimously reversed on the law without costs, motions denied and complaint reinstated. Memorandum: Supreme Court erred in granting defendants' motions for summary judgment dismissing the complaint. Suzanne Vereerstraeten (plaintiff) and her daughter were shopping inside a store owned by defendant Pier I Imports when a motor vehicle operated by defendant Kathleen Cook and owned by defendant Patrick D. Cook crashed into the storefront. Plaintiff slipped and fell on broken glass on the sidewalk as she was leaving the store 15 to 20 minutes later. The court erroneously determined that defendants were not liable because the dangerous condition was readily observable and plaintiff chose to walk through it. The fact that a dangerous condition is readily observable does not negate the liability of the person who created the condition or the landowner who has a duty to keep the premises safe (*see, Tenebruso v Toys "R" Us-NYTEX,* 256 AD2d 1236, 1237; *Crawford v Marcello,* 247 AD2d 907; *Morgan v Genrich,* 239 AD2d 919, 920). Rather, "[t]he fact that the [dangerous condition] was readily observable goes to the issue of comparative negligence" (*Crawford v Marcello, supra,* at 907). The issue of proximate cause with respect to the liability of the Cooks is for a jury to resolve (*see, Rivera v New York City Tr. Auth.,* 77 NY2d 322, 328, *rearg denied* 77 NY2d 990; *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315, *rearg denied* 52 NY2d 784), nor can the issue whether Pier I Imports was negligent in failing to clean up the glass debris immediately be resolved as a matter of law (*see, Rubin v Reality Fashions,* 229 AD2d 1026; *Davis v Federated Dept. Stores,* 227 AD2d 514, 515). (Appeal from Order of Supreme Court, Erie County, Fahey, J.—Summary Judgment.) Present—Green, J. P., Lawton, Wisner, Hurlbutt and Balio, JJ.