■ ROSEMARY GAFFNEY, Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Defendant, and MEYERS PARKING SYSTEM, INC., et al., Respondents. [753 NYS2d 808] —Order, Supreme Court, New York County (Walter Tolub, J.), entered June 7, 2001, which granted defendants-respondents' motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated as against them.

The motion court should not have granted summary judgment in favor of respondents, the owner and operator of the parking lot where plaintiff tripped and fell after stepping into a pothole while walking down a ramp used by cars to enter and leave the premises. Even if the alleged dangerous condition of the ramp were readily observable, as respondents contend, "such fact would go to the issue of comparative negligence and would not negate [their] duty to keep the premises reasonably safe" (Orellana v Merola Assoc., 287 AD2d 412, 413). Moreover, the fenced-off walkway does not establish, as a matter of law, that respondents adequately kept the premises safe by providing an alternate route for pedestrians. In light of plaintiff's testimony that the walkway was narrow and she did not use it if there were more than two or three other pedestrians on it, questions of fact exist as to whether respondents fulfilled their duty to keep the premises reasonably safe. Concur—Nardelli, J.P., Tom, Lerner, Marlow and Gonzalez, JJ.