Gangel-Jacob, J.
(dissenting). The negligence action stems *336(a) from allegations that on September 7, 1997, at approximately 3:00 p.m., plaintiff Cecelia Rogers fractured her right elbow when she tripped and fell on a pile of garbage bags strewn across a public walkway abutting Pier 61 in Manhattan. The pier area was leased by the State of New York to defendant Chelsea Piers, L.P., which, in turn, subleased a portion of the pier area and granted mooring rights to defendant Spirit Cruises, Inc. Pursuant to its main lease agreement with the state, defendant Chelsea Piers was obligated to “keep or cause to be kept clean and free from dirt, snow, ice, rubbish, [and] obstructions, the sidewalks [and] grounds * * * comprising, in front of or adjacent to the Premises.” The record shows, and it is undisputed, that employees of defendant Spirit Cruises placed the garbage bags on the walkway after unloading them from a moored vessel upon its return from a lunchtime cruise.
Plaintiffs deposition testimony indicates that the garbage bags, 20 to 30 in number, spanned the entire width of the pier walkway; that the only way for a pedestrian to walk around the garbage bags (short of a dunk into the Hudson River) was to cut through an indoor garage facility located immediately adjacent to the walkway, an option that plaintiff eschewed because the garage “was dark, and there were a lot of cars parked close together and it didn’t appear to be all that safe”; and that she attempted to “get through the garbage” in “the most reasonable way” available, by traversing the pile of garbage bags at its narrowest (2 to 3 feet) and lowest (IV2 to 2 feet) point.
Viewing the evidence in the light most favorable to plaintiff (see, Orellana v Merola Assoc., 287 AD2d 412 [2001]), I find unavailing the argument of defendant Chelsea Piers that it is entitled to summary judgment on the ground that the allegedly dangerous condition was open and obvious. To the extent that the ancient and oft-criticized “no duty” rule in cases of open and obvious risk remains viable as a complete defense to landowners or lessees subject to premises liability in this state (see, Michalski v Home Depot, 225 F3d 113, 118-119 [2d Cir 2000] [analyzing New York case law and recognizing a split in authority among the Appellate Divisions with regard to observable hazards]), the doctrine is typically applied to situations where an inattentive plaintiff trips as a result of a plainly visible and easily avoidable object or condition that is not inherently dangerous (see, e.g., Schoen v King Kullen Grocery Co., 296 AD2d 486 [2d Dept 2002] [flat cardboard on supermarket *336(b) floor]; Gibbons v Lido & Point Lookout Fire Dist., 293 AD2d 646 [2d Dept 2002] [cement parking block on firehouse floor]; Stemberga v Term Sec. Corp., 292 AD2d 372 [2d Dept 2002] [ottoman in restaurant]; Moran v County of Dutchess, 237 AD2d 266 [2d Dept 1997] [monument]; Hopson v Turf House, 252 AD2d 796 [3d Dept 1998] [floor planter “island” adjacent to restroom doorway]). Significantly, with but a single exception,* rigid application of the exculpatory open and obvious doctrine has given way in this Department to a more flexible rule consistent with modern principles of premises liability, a rule stated thusly: the fact that a dangerous condition is readily observable does not negate the duty of a landowner or lessee to keep the premises reasonably safe but simply raises triable issues as to the parties’ comparative negligence (see, Gaffney v Port Auth. of N.Y. & N.J., 301 AD2d 424 [1st Dept 2003]; Orellana v Merola Assoc., 287 AD2d 412, 413 [1st Dept], supra; Tuttle v Anne LeConey, Inc., 258 AD2d 334, 335 [1st Dept 1999]; see also, Vereerstraeten v Cook, 266 AD2d 901 [4th Dept 1999]).
Adhering to the above-cited controlling precedent from our Appellate Division, the conclusion is inescapable that the open and obvious nature of the pile of garbage bags encountered by plaintiff does not serve to shield defendant Chelsea Piers from liability as a matter of law, but merely raises questions of causation involving the parties’ comparative fault that should be resolved by the trier of facts. Defendant Chelsea Piers’ reliance on the now disfavored open and obvious doctrine is particularly misplaced in the circumstances here presented, where the record so far developed tends to support a finding that the garbage blockade that Chelsea Piers permitted to remain on the public walkway unreasonably interfered with pedestrian access to the walkway and created a readily foreseeable risk of harm to pedestrians (compare, Tillman v New York City Hous. Auth., 15 AD2d 738, 739 [1962], affd 12 NY2d 898 [1963] [trial evidence showed that stone slab upon which plaintiff allegedly fell did not unreasonably interfere with *336(c) sidewalk and that a pedestrian was “merely called upon to deviate his path slightly * * * (to) continue on the paved walk”]). “The right afforded [an owner or occupier of land] to utilize an abutting sidewalk [or walkway] temporarily for the placement of garbage awaiting collection is not an absolute right to obstruct the sidewalk [or walkway] in derogation of the rights of pedestrians.” (Baum v City of New York, 270 AD2d 109 [2000].) On this record, the issue of the parties’ comparative fault should be left for trial, with the trier of facts to determine whether defendant Chelsea Piers fulfilled its duty to keep the premises reasonably safe by providing a passable route for pedestrians (see, Gaffney v Port Auth. of N.Y. & N.J., 301 AD2d 424, supra) and whether it was unreasonable for plaintiff to attempt to step over the bags at what appeared to be the most readily traversable point, in lieu of choosing the alternative options now suggested by defendants: entering into the darkened, indoor garage facility which appeared unsafe to plaintiff or summarily turning around and ending her routine “pier walk” (see, Vereerstraten v Cook, 266 AD2d 901, supra [summary judgment dismissal of negligence action unwarranted even though plaintiff chose to walk through broken glass readily observable on sidewalk]).
In essence, defendant Chelsea Piers argues and the majority holds that plaintiff assumed the risk of injury when she proceeded to walk in the area covered by the garbage bags, rather than abandoning, or at least altering her intended exercise program by choosing from among several dubious options. However, “[i]t is well settled that the doctrine of primary assumption of risk which, if applicable, would operate as a complete bar to an injured plaintiff’s claim, ‘is limited to plaintiffs injured while voluntarily participating in a sporting or entertainment activity’ (Comeau v Wray, 241 AD2d 602, 604). Since the doctrine is clearly not applicable here, the comparative negligence statute applies (see, CPLR 1411), which ‘merely reduces the plaintiff’s recovery in the proportion which his or her conduct bears to the defendant’s culpable conduct’ (Cohen v Heritage Motor Tours, 205 AD2d 105, 108), a determination which must be left to the jury.” (Stirpe v Maloney & Sons, 252 AD2d 871, 872 [1998].) While Judge Cardozo sagely cautioned “[t]he timorous [to] stay at home” rather than face the obvious perils of “The Flopper,” a Coney Island amusement ride (Murphy v Steeplechase Amusement Co., 250 NY 479, 483 [1929]), the law does not and should not require an urban dweller to stay at home and forsake the simple pleasure of a *336(d) midday stroll any time a negligent landowner or lessee sees fit to place obstacles along or otherwise restrict access to a public walkway.
Finally, notice of the dangerous condition can be inferred from evidence in the record, including the deposition testimony of defendant Chelsea Piers’ senior vice-president, that Chelsea Piers had “frequently” warned its cruise line subtenant not to “block the walkways because * * * we have public access requirements,” and that Chelsea Piers itself had routinely cleaned up “off-load [ed]” garbage from the pier walkway (see, O’Grady v New York City Hous. Auth., 259 AD2d 442 [1999]).
I thus respectfully dissent, and would reverse the order appealed from and deny defendant Chelsea Piers the drastic remedy of summary judgment.
Suarez, P.J., and McCooe, J., concur; Gangel-Jacob, J., dissents in a separate memorandum.

 The “no duty” open and obvious rule continues to apply throughout the state in negligence actions in which, unlike the matter at hand, liability is sought to be imposed principally on the basis of a landowner’s or lessee’s failure to warn of a readily observable danger (see, Tagle v Jakob, 97 NY2d 165, 169 [2001] [no duty to warn of open and obvious danger posed by electric transmission wires]; Pinero v Rite Aid of N.Y., 294 AD2d 251, 252 [2002], affd 99 NY2d 541 [2002] [no duty to warn of presence of wagon in store aisle, since “the condition is a warning in itself’]; Rosen v New York Zoological Socy., 281 AD2d 238 [1st Dept 2001] [no duty to warn of the open and obvious danger of “the natural condition of the terrain”]).