**GARTLAND et al., Appellants,**

v.

**GARCIA et al., d.b.a. Livia Calais Fashions, Inc., Appellees.**

[Cite as *Gartland v. Garcia*, 153 Ohio App.3d 523, 2003-Ohio-3277.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 02 CA 164.

Decided June 19, 2003.

524

Clair Carlin, for appellants.

Lawrence Springer, for appellees.

VUKOVICH, Judge.

{¶ 1} Plaintiffs-appellants Nancy and Robert Gartland appeal from the judgment of the Mahoning County Common Pleas Court granting summary judgment for defendants-appellees Melanie and Luis Garcia, d.b.a. Livia Calais Fashions, Inc. This court is asked to determine whether the trial court erred by holding that the partition was not an unreasonably dangerous condition and was not the proximate cause of the injury. For the reasons provided below, the judgment of the trial court is affirmed.

## STATEMENT OF THE FACTS

{¶ 2} Nancy was trying on clothes at Livia Calais Fashions, which is owned and operated by the Garcias, when she fell and was injured. The store had five dressing rooms. The first four dressing rooms had four walls and a door. The fifth dressing room had two walls, perpendicular to each other, and was enclosed by a free standing tri-fold partition. Nancy was trying on clothes in the fifth dressing room when she lost her balance and fell. Nancy claims that she fell forward and tried to grab the partition for balance, which resulted in it falling. Melanie Garcia claimed that Nancy fell backwards and kicked the partition, thus causing it to topple over. Regardless of the direction of the fall, it is uncontroverted that the partition fell but did not fall on Nancy. As a result of the fall, Nancy broke her left ankle and had two unsuccessful surgeries to try to mend the ankle. The Garcias disposed of the partition sometime between November 2000 and January 2001, over a year after the incident, but prior to the filing of the complaint.

{¶ 3} As a result of the injuries, the Gartlands filed a cause of action against the Garcias, d.b.a. Livia Calais Fashions, Inc. After depositions, the Garcias filed a motion for summary judgment. The trial court granted the motion, stating that as a matter of law the tri-fold partition was not an unreasonably dangerous condition, the partition did not proximately cause the injury, and the condition of the dressing room was open and obvious. The Gartlands timely appealed raising five assignments of error.

## STANDARD OF REVIEW

{¶ 4} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 671 N.E.2d 241. Summary judgment is properly granted when (1) no genuine issue as to any material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can only come to one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46. The evidence must be viewed in the light most favorable to the nonmoving party. Id. Summary judgment is a procedural device to terminate litigation; therefore, courts should grant summary judgment cautiously. *Viock v. Stowe–Woodward Co.* (1983), 13 Ohio App.3d 7, 12, 13 OBR 8, 467 N.E.2d 1378.

## ASSIGNMENTS OF ERROR NOS. ONE AND THREE

{¶ 5} "The trial court erred in determining that, as a matter of law, the tri-fold partition was not an unreasonably dangerous condition."

{¶ 6} "The trial court erred, in determining that, as a matter of law, the tri-fold partition was neither the instrumentality nor proximate cause of the plaintiff's harm."

{¶ 7} It is undisputed that Nancy was a business invitee and that the Garcias are shopkeepers. A shopkeeper possesses the duty to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition, so that the business invitee will not be unreasonably or unnecessarily exposed to danger. *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St.3d 203, 18 OBR 267, 480 N.E.2d 474; *Presley v. Norwood* (1973), 36 Ohio St.2d 29, 31, 65 O.O.2d 129, 303 N.E.2d 81. However, the shopkeeper is not an insurer of the invitees' safety. *Paschal,* supra. Although a shopkeeper must warn its invitees of latent or concealed dangers if the shopkeeper knows or has reason to know of the hidden dangers, a shopkeeper is not expected to warn invitees of dangers that are obvious and apparent. *Brinkman v. Ross* (1993), 68 Ohio St.3d 82, 84, 623 N.E.2d 1175, citing *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 42 O.O.2d 96, 233 N.E.2d 589. It is only where it is shown that the owner had superior knowledge of the particular danger that caused the injury that liability attaches, because in such a case the invitee may not reasonably be expected to protect herself from a risk she cannot fully appreciate. *LaCourse v. Fleitz* (1986), 28 Ohio St.3d 209, 210, 28 OBR 294, 503 N.E.2d 159.

{¶ 8} The trial court found as a matter of law that the partition was not an unreasonably dangerous condition and was not the proximate cause of the injury.

Typically questions as to whether the condition of a premises is an unreasonably dangerous condition or the proximate cause of the fall are usually questions of fact for the trier of fact to determine. *Jones v. H. & T. Enterprises* (1993), 88 Ohio App.3d 384, 389, 623 N.E.2d 1329, quoting *Smith v. United Properties, Inc.* (1965), 2 Ohio St.2d 310, 317, 31 O.O.2d 573, 209 N.E.2d 142; *Schell v. Du Bois* (1916), 94 Ohio St. 93, 113 N.E. 664. However, if reasonable minds could not determine that the condition is unreasonably dangerous or the proximate cause of the fall, the trial court should not permit the trier of fact to determine that it is. *Jones*, supra.

{¶ 9} In order for the Gartlands to survive summary judgment, they must show that a genuine issue of material fact exists as to whether the partition, the alleged unreasonably dangerous condition, proximately caused her fall and injuries. *Baldauf v. Kent State Univ.* (1988), 49 Ohio App.3d 46, 48, 550 N.E.2d 517. Nancy admits that she lost her balance, fell forward, and grabbed for the partition to try to catch herself. Nancy insists that had the partition been secured to the ground or had it been a real wall it would have sustained her weight and that she would not have fallen and been injured. However, negligence cannot arise from speculation, and an accident gives no rise to the presumption of negligence. *Parras v. Std. Oil Co.* (1953), 160 Ohio St. 315, 52 O.O. 206, 116 N.E.2d 300. Nancy's admission that losing her balance caused her fall does not support her insinuation that the partition was the proximate cause of the fall.

{¶ 10} Analogizing the situation at hand to other owner-invitee injury situations illustrates what is the proximate cause in slip-and-fall injuries. In a slip-and-fall case in a store because of a spilled liquid, it is the spilled liquid that causes the fall and thus the injury. Likewise, if an invitee is in a store and trips over their own feet and tries to catch himself or herself on a display hammock, but due to its nature is unable to catch himself or herself and falls and sustains injuries, the hammock is not the proximate cause of the injuries; rather, tripping over one's feet was the cause. Another example would be if an invitee was at a park standing in front of a pit of quicksand and debris from an airplane flying in the sky fell and hit the invitee in the head causing her to fall into the quicksand and sustain injuries, the invitee could not successfully claim that the unreasonably dangerous condition of the quicksand was the proximate cause of the injuries, because the falling debris caused the fall and the injuries. In the case at hand, the partition is not equivalent to the spilled liquid, tripping over one's own feet, or falling debris; instead, the partition is equivalent to the hammock and the pit of quicksand. The partition did not cause the fall; rather, Nancy admittedly fell because she lost her balance. The partition merely failed to prevent the fall from

continuing.[1] As such, we hold that the given the record, the partition was not the proximate cause of the fall and injuries. This holding renders any determination as to whether this tri-fold partition was unreasonably dangerous irrelevant. As such, nothing in this opinion shall be construed as holding that the tri-fold partition, as a matter of law, was unreasonably dangerous. Accordingly these assignments of error are without merit.

## ASSIGNMENT OF ERROR NO. TWO

{¶ 11} "The trial court erred in granting defendants-appellees' motion for summary judgment when a genuine question of material fact exists as to whether the lack of seating in the changing area created an unreasonably dangerous condition."

{¶ 12} The Gartlands argue that the lack of seating in a dressing room creates an unreasonably dangerous condition. It is disputed whether any chairs were in this dressing room. Nancy stated that a chair was not located in the dressing room; however, one was close to where Robert, her husband, was standing, which was about 10 to 15 feet away from her. Melanie insists that there were two chairs in the dressing room. Therefore, a genuine issue of fact exists as to whether chairs were present in the dressing room.

{¶ 13} The issue of whether a lack of seating in a dressing room amounted to negligence on the part of the shop owner is an issue of first impression in Ohio. The Gartlands' cite Florida and New York case law, which states that whether a shop owner is negligent in failing to provide seating and whether that negligence was a proximate cause of the injuries are questions that must be left to the trier of fact. *Rubin v. Reality Fashions, Ltd.* (1996), 229 A.D.2d 1026, 645 N.Y.S.2d 182; *Bowes v. Lerner Shops Internatl., # 196* (Fla.App.1982), 422 So.2d 1041. Regardless of whether we view New York's and Florida's laws favorably, the lack of chairs, like the partition, was not the proximate cause of the injury. As explained above, the cause of the fall and injury was Nancy's losing her balance.

{¶ 14} Furthermore, Nancy admits that earlier in the day when she was trying on pants in one of the other dressing rooms, she did not use the bench that was provided. Nancy does not claim that she would have used the chairs had they been present in this dressing room. Nancy's admission indicates that the presence of a chair was irrelevant, because there is no indication that the presence of a chair would have prevented the fall. This assignment of error lacks merit.

---

1. If Nancy had been changing her clothes and the partition fell over on her and she was injured, then clearly the partition would have been the proximate cause of her injuries. However, this was not the scenario in this case.

## ASSIGNMENTS OF ERROR NOS. FOUR AND FIVE

{¶ 15} "The trial court erred in determining that, as a matter of law, conditions in the changing area were open and obvious dangers."

{¶ 16} "The trial court erred in failing to fashion a remedy to mitigate the prejudice plaintiff suffered due to defendant's spoilation [sic, spoliation] of the evidence."

{¶ 17} Due to the disposition of assignments of error one through three, the issues raised in these assignments of error are moot. Furthermore, concerning Assignment of Error No. Five, the disposal of the partition is irrelevant, since the partition was not the proximate cause of the injury.

{¶ 18} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Judgment affirmed.

WAITE, P.J., and DeGENARO, J., concur.